### STATE OF NEW JERSEY v. JOHN MAHANEY.

Argued November 7, 1905—Decided December 5, 1905.

1. After convictions upon two indictments for breaking with intent, the court has power to impose a sentence of imprisonment upon one of the convictions to begin at the expiration of sentence imposed upon the other conviction.
2. This power to impose consecutive sentences is not affected by the provisions of section 67 of the Criminal Procedure act. *Pamph. L.* 1898, *p.* 892.

---

On petition of John Mahaney for writ of *habeas corpus.*

Before Justices FORT, GARRETSON and REED.

For the petitioner, *Peter J. McGinnis.*

For the state, *William H. Speer,* prosecutor of the pleas.

The opinion of the court was delivered by

REED, J.    The petition for the writ sets out that John Mahaney was convicted at the December Term, 1899, of the Hudson County Court of Quarter Sessions, on two indictments for the crime of breaking with intent; that he was sentenced on the first indictment to be imprisoned for the

term of seven years, and on the second indictment for the term of five years, in the state prison.

The petition states that the sentence of seven years expired on the 25th day of August, 1905, and that he is still imprisoned by virtue of the second sentence of five years. Copies of the commitments are annexed to the petition.

The first commitment recites that the petitioner was sentenced to hard labor for the term of seven years; that he pay the costs of prosecution, and be further imprisoned from and after the said term of seven years until the costs of prosecution are paid.

The second conviction recites that he be imprisoned for the term of five years, with the same conditions. On the back of the second conviction is endorsed: "This term to begin at the expiration of the sentence imposed in indictment No. 53, September Term, 1899."

The return to the writ contains a certified copy of the judgment record, setting out that in the September Term, 1899, two indictments were found against the petitioner for breaking with intent; that on the first of these indictments he was tried and convicted, and on the second indictment he pleaded guilty.

On the first indictment, indictment No. 53, he was sentenced to be imprisoned in the New Jersey state prison for the term of seven years, and thence till the costs of the prosecution were paid; and on the second indictment he was sentenced to be imprisoned for the period of five years, and thence until the costs of the prosecution were paid, which said last-mentioned sentence was ordered to commence upon the expiration of the sentence imposed under indictment No. 53, of the term of September, 1899.

The judgment record thus shows that as a part of the sentence of five years it was adjudged that the sentence do commence upon the expiration of the sentence imposed on indictment No. 53, of the term of September, 1899.

A prisoner confined on a sentence will not be released on *habeas corpus* for errors in the *mittimus* when the court has the judgment before it. *Sennott's Case,* 146 *Mass.* 489. The

judgment is the source of the right of the keeper of the state prison to detain the petitioner. *Ex parte Wilson,* 114 *U. S.* 417; *People* v. *Baker,* 89 *N. Y.* 460.

The question, then, is whether the court had the power to pronounce the second judgment imposing a sentence to commence after the term of the preceding sentence should terminate. That a court possesses this power was decided in England before the period of the American Revolution. In 1770, John Wilkes, having been twice convicted of libel, was sentenced to a term of imprisonment on each indictment, the sentence on the last to begin at the end of the period for which he was sentenced on the first. This judgment was taken by writ of error to the House of Parliament, and by that house the question was propounded to the Bench of Judges whether the judgment upon the second conviction, to commence from and after the termination of imprisonment to which he was sentenced for another offence, was good in law. The answer was that the judgment of imprisonment is good in law.

This case of *Rex* v. *Wilkes* is reported in 4 *Burr.* 2577 and in 19 *How. St. Tr.* 1133, 1134.

As appears from the opinion of Chief Justice Wilmot, reported in the last-mentioned book, the doctrine was confined to misdemeanors, the reason being that in treason and felonies, a certain known judgment which cannot be departed from, namely, in the present tense of the subjunctive passive, must be imposed; but in misdemeanors where punishment is discretionary, the limitation as to time seems only to be that the punishment shall take place before the total dismission of the party. A punishment shall not hang over a man's head when he has once been discharged.

This declaration respecting felonies has no application in the present case, for the reason that the offences of which the petitioner was convicted are, under our statutes, high misdemeanors, and the court has a discretion as to limitation of time in the imposition of the punishment.

This right to impose consecutive sentences, which had its origin before the American Revolution, is one well recog-

nized in common law. 1 *Chit. Cr. L.* 718; *Bish. Cr. L.,* § 953; *Bish. Cr. Pro.,* § 1327; *Castro* v. *Regina,* 6 *App. Cas.* 229.

The doctrine is one resting in common sense as well as in authority. It is apparent that unless consecutive sentences can be imposed the court must either suspend sentence for one offence until the expiration of the time of imprisonment named in the other sentence, at which time the personnel of the court and of the prosecutor's office may have changed, and the facts essential to the imposition of a sentence become difficult of ascertainment; or else the court must impose concurrent sentences, the effect of which is to entirely nullify the effect of one of them.

For these reasons the great weight of authority in this country is that, without any statutory provision for consecutive sentences, the power to impose them resides in the court. *Church Hab. Cor.* 534; *Kite* v. *Commonwealth,* 11 *Metc.* 581; *Williams* v. *State,* 18 *Ohio St.* 46; *Brown* v. *Commonwealth,* 4 *Rawle* 259; *Mills* v. *Commonwealth,* 13 *Pa. St.* 631; *In re Esmond,* 42 *Fed. Rep.* 827; *In re Fry,* 3 *Mackey* 135; *Johnson* v. *People,* 83 *Ill.* 431.

The practice of imposing consecutive sentence has, so far as I am aware, been followed in this state during the entire period of its existence as a state.

Nor do I find anything in our statutes which in any degree modifies the power of the court in this respect.

The counsel for the petitioner insists that a provision of the Criminal Procedure act, now embodied in section 67 of the Criminal Procedure act of 1898 (*Pamph. L., p.* 892), exhibits a legislative intention inconsistent with the imposition of consecutive sentences.

This provision, in substance, enacts that upon a sentence of imprisonment in the state prison the sheriff or his deputy shall, within fifteen days after sentence and receipt of a copy of the taxed bill of costs, transport to the said prison, and deliver to the custody of the keeper thereof, the person so sentenced. It then provides that the person so delivered shall be safely kept therein until the time of his confine-

ment shall have expired, and the costs of prosecution be paid or remitted, or otherwise discharged by law.

It is perceived that the first part of this provision contains only directions to the sheriff respecting the time he shall have to remove the prisoner to the said prison. The only part of the section which can be regarded as at all in point is the declaration that the person so delivered shall be safely kept in the said prison until the time of his confinement shall have expired. But, conceding the power to impose consecutive sentences, the time of confinement of this petitioner was fixed by the sentences, namely, first seven years and then five years, and the time of his confinement mentioned in the provision will expire when both these terms end. So there seems nothing inconsistent between the declaration of the statute and the imposition of the sentence.

For these reasons, we think the petition should be dismissed and the petitioner remanded.