MOLLIE MONETTI CAPRIO, PETITIONER, v. THE MOTHER
SUPERIOR OF THE HOME OF GOOD SHEPHERD OF
THE CITY OF NEWARK, NEW JERSEY, DEFENDANT.

Argued November 30, 1917—Decided November 30, 1917.

The amendment to the Criminal Procedure act approved March 16th,
1914 (*Pamph. L., p.* 34), does not authorize a resentence that
increases the duration or extent of the punishment imposed by a
previous sentence and partly borne by the defendant.

On *habeas corpus.*

By the return to the writ it appears that on February 1st,
1915, the petitioner, having been adjudged guilty upon an in-
dictment for perjury, was sentenced to the state home for
girls; that on August 29th, 1917, said judgment having been
affirmed by the Court of Errors and Appeals and the record
remitted, the petitioner was remanded to the state home for
girls to serve her original sentence; that on November 5th,
1917, the court on its own motion vacated the judgment and
suspended the sentence thereon and resentenced the defendant
as follows: "On motion of the prosecutor of the pleas, the
court orders the sheriff to set the prisoner to the bar for her
resentence; she being accordingly set to the bar, the court
doth thereupon order and adjudge that the prisoner, Mollie
Monetti, be committed to home of good shepherd upon this
conviction until December 20th, 1917, and then be released
upon probation for a period of three years, conditioned to pay
the sum of twenty-five cents a week for said period and be
subject to the rules and regulations and further order of the
court." This is the resentence relied upon to justify the
restraint of the petitioner in the home of good shepherd.

Before Justices GARRISON, BERGEN and BLACK.

For the petitioner, *Anthony R. Finelli.*

For the state, *Wilbur A. Mott.*

The opinion of the court was delivered by

GARRISON, J.   The resentence under which the petitioner is restrained of her liberty was pronounced after the expiration of the term at which judgment was entered and after the sentence pronounced on such judgment had gone into operation and the punishment imposed by it had been partly borne. The effect of such resentence was to arrest the running of the original sentence when within a few days of its expiration, and to substitute therefor the commitment of the petitioner into the present custody for six weeks at the expiration of which a three years' term of probation was to begin, during each week of which she was to pay a stated sum of money. From this recital it is evident that the resentence under which the petitioner is now in custody increased the duration and extent of the punishment that was originally imposed, and was in effect a new and different sentence. The question is whether a resentence having this effect may lawfully be pronounced after the expiration of the term at which judgment was entered and after the original sentence had gone into operation and been partly borne.

The authority that is relied upon for such resentence is the amendment to the Criminal Procedure act approved March 16th, 1914, which reads as follows:

"55.   1. After conviction and sentence the court before which such conviction was had, upon the application of the defendant for a new trial, shall have power, at any time during the term in which the judgment is entered, to open and vacate the same and grant a new trial and discharge the defendant from custody upon bail pending such new trial; or may, at any time, either during the term in which the judgment is entered, or after the term upon the application of the defendant or on its own motion open and vacate the judgment entered on any conviction and resentence the defendant as right and justice may seem to require and discharge the defendant from custody upon bail pending such resentence."

"2. This act shall include convictions heretofore had in any court." *Pamph. L.* 1914, *p.* 34.

The concrete question is whether this statute authorizes the sentence under review. A broader inquiry is whether such statute deals at all with resentences that increase the duration or extent of the punishment imposed by a previous sentence that had gone into operation. That such purpose was not expressed by section 55 of the Revision of 1898 (page 885), which is the parent act, is clear from the construction of its language.

Regarding the old law, the mischief and the remedy, the mischief was that a motion for a new trial could not be made after judgment, to remedy which hardship section 55 by its first clause extended the right of the defendant to apply for a new trial during the term. Separated from this remedial provision by a semicolon, and introduced by the alternative conjunction "or," is the provision for resentence upon the application of the defendant or upon the court's own motion. These words, "the court's own motion," are the only ones in the statute that lend the slightest color to the contention that the statute provided a weapon to be used against the defendant. Such an effect cannot be given to these words in view of the overwhelming force of the context and the rules of satutory construction. Grammatically considered, the statute is a single sentence dealing with remedial legislation, to which end each of its clauses contributes, the first by providing an express remedy by application for new trial after sentence; the second by providing an alternative remedy by a resentence. The fact that these remedies are joined by the alternative conjunction, the fact that in either case the remedy was one for which the defendant was expected to apply, and the fact that the alternative remedy was to be granted if right and justice seemed to require it, all indicate the purely remedial character of the statute. To the same effect are the provisions for the discharge of the defendant upon bail during the pendency of either remedy. In such a context the authority of the court to grant the alternative relief on its own motion must likewise be held to be remedial, its object being to give to defendants, who from ignorance of the statute have made no ap-

plication, the benefit of the statute if right and justice so require.

Briefly epitomized, section 55 permitted the defendant to apply for a new trial during the term, notwithstanding that sentence had been pronounced, or to apply to have such sentence modified, which the court of its own motion might do if right and justice so required, even if the defendant did not ask it.

It is clear to us that section 55 afforded no authority for a resentence such as that now under review.

That this statute authorized the imposition of a new punishment where a previous sentence had been partly served is an inconceivable construction of its language. That a single sentence exhausted the power of the court to punish the offender after its judgment had gone into operation is established law. *State* v. *Addy*, 43 *N. J. L.* 113.

The contention that this rule of common justice embedded in the law was swept away by this remedial statute has not a syllable of language to support it.

Section 55 has been twice amended, once in 1908 (*Pamph. L., p.* 429), and again in 1914. *Pamph. L., p.* 34. The first of these amendments authorizes the alternate remedy, "at any time, either during the term in which judgment is entered or after the term;" the second was that "this act shall include convictions heretofore had in any court." These amendments, so far from altering the construction we have placed upon the original act, furnish the strongest sort of reasons confirmatory of such construction and prohibiting that contended for by the state. For, if such contention prevail, the legislature in 1908 expressed the intention that every criminal sentence thereafter pronounced might at any time in the future be increased in duration and extent, whereby all sentences were rendered uncertain and the duration of all punishments rendered indefinite. To state this contention is to state a thing most abhorrent to the principles of the criminal law, viz., uncertainty as to its judgments. It has been seriously considered whether such uncertainty did not render a punishment "cruel" within

the meaning of the constitution. *In re Marlow,* 75 *N. J. L.* 400.

Such an intention is not to be imputed to the legislature on the language of this statute.

The amendment of 1914, which is the act on which the state relies, presents an even more formidable objection to the state's contention, in fact, an insuperable barrier. For if the uncertainty of punishment is to include convictions theretofore had, there is clearly introduced into the pains and penalties that had been theretofore meted out an element of uncertainty and possible extension of punishment that was unknown to the law at the time judgment was pronounced and sentence imposed. The statute thus construed would be in the strictest sense an *ex post facto* law, and for that reason unconstitutional.

It is, however, fundamental that a statute shall, if possible, be so construed as to render it a constitutional enactment. *East Orange* v. *Hussey,* 70 *N. J. L.* 244; *Commercial Trust Co.* v. *Hudson County,* 87 *Id.* 179.

This canon of construction not only reinforces the conclusion already reached as to the proper construction to be given to the statute of 1914, it actually compels such a construction if that statute is to be held to be a constitutional enactment.

In arriving, by different paths, at the conclusion that the statute of 1914 does not authorize the sentence under which the petitioner is now in custody, we have not referred to the question whether or not in some of its aspects the judicial power conferred by this statute trenches unconstitutionally upon the jurisdiction of the court of pardons. That question can be decided only when such excess of remedial power has been exercised and is challenged by the state; which is the exact antithesis of the present case. Hence, we express no opinion.

The petitioner is entitled to be released on *habeas corpus* from the custody of the defendant, and it is so ordered.