STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM WHITE, PLAINTIFF IN ERROR.

Submitted May 28, 1926—Decided October 18, 1926.

1. An indictment charging the carnal abuse of a "woman child under the age of sixteen years, to wit, of the age of eleven years," by one "above the age of sixteen years, to wit, of the age of twenty-five years," sufficiently charges the offense of carnal abuse set forth in section 115 of the Crimes act. *Comp. Stat.,* p. 1783.
2. The power to re-sentence at any time during the term, and before service of the first sentence given is entered upon, existed at common law and is part of the unwritten law of this state.

On error to the Supreme Court, whose *per curiam* is printed in 3 *N. J. Mis. R.* 1016.

For the plaintiff in error, *Stein & Stein.*

For the defendant in error, *Jacob Willard De Yoe.*

The opinion of the court was delivered by

LLOYD, J. The appeal in this case is from a judgment of the Supreme Court affirming a judgment of the Court of Oyer and Terminer of Passaic county, in which latter tribunal the appellant was, on a plea of *non vult,* sentenced to a term of not more than thirty years nor less than twenty years imprisonment in the state prison. The indictment of the appellant charged the carnal abuse by him of a "woman child under the age. of sixteen years, to wit, of the age of eleven years," he being then "above the age of sixteen years, to wit, of the age of twenty-five years." To this indictment he pleaded *non vult,* and was at first sentenced to a term not exceeding seven years nor less than four years. In the afternoon of the same day the court, evidently discovering the more serious nature of the offense, re-sentenced the defendant to not more than thirty years nor less than twenty years as above stated. It was contended in the Supreme Court, and is contended again in this court, that the indictment was insufficient to charge the graver offense, and also that the court, having sentenced to the lighter term, was powerless to modify the sentence at a later hour of the same day.

We agree with the Supreme Court that the indictment in this case sufficiently charged the offense of carnal abuse of a girl under twelve years of age as set forth in section 115 of the Crimes act. *Comp. Stat., p.* 1783. While not as precise or perhaps as well stated from either a legal or technical point of view as might be desired, it is clear that the defendant was fairly apprised that the girl whom he assaulted was under the age of sixteen years, and was also of the age of eleven years, which necessarily implied that she was under the age of twelve years, as required by the statute, and was in no-

wise misled. He was as well informed respecting the age of the girl as he was of his own age when it was set forth as, "to wit, twenty-five years." And it is quite apparent that when he pleaded *non vult* to the indictment he was under no misapprehension as to the offense with which he was charged, and that he suffered no injury from the loosely drawn indictment.

With so much of the statement in the opinion of the Supreme Court that the power to re-sentence already existing at common law is carried into section 55 of the Criminal Procedure act, we cannot agree. The power to re-sentence during the term and before the sentence imposed has become effective through service of any part thereof existed at common law (*Commonwealth* v. *Weymouth,* 84 *Mass.* 144), and has been so many times applied in this state without objection as to indicate its complete acceptance in our unwritten law. As we conceive it, the fifty-fifth section of the Criminal Procedure act, however, was not designed to authorize the court, either on motion of the state or of its own volition, to increase the sentence already imposed. Its sole purpose, as stated by Mr. Justice Garrison, in *Caprio* v. *Home of Good Shepherd,* 91 *N. J. L.* 14 (at *p.* 17), was in the interest of the defendant, and to permit him "to apply for a new trial during the term, notwithstanding that sentence had been pronounced, or to apply to have such sentence modified, which the court, of its own motion, might do if right and justice so required, even if the defendant did not ask it."

The reasoning of the learned justice in that case clearly vindicates the conclusion to which he arrived, and we think is the proper construction of the statute. While the section has been a number of times modified (see *Pamph. L.* 1914, *p.* 34; *Pamph. L.* 1918, *p.* 76; *Pamph. L.* 1920, *p.* 402; *Pamph. L.* 1921, *p.* 752) throughout all of the amendments, the manifest and cardinal purpose is to give to the court a right to grant a new trial and to remedy a sentence unjust to the defendant himself, and did not in anywise invoke a construction differing from that placed on the original act as amended in 1914 in the case cited.

The judgment is affirmed.

*For affirmance*—TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MC-GLENNON, HETFIELD, JJ.   11.

*For reversal*—KAYS, J.   1.