6 N.J. Super. 395 (1950)
71 A.2d 644
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT STANLEY WEEKS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Presented February 1, 1950.
Decided March 1, 1950.
*397 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Robert Stanley Weeks, in propria persona, for the appellant.
Mr. Leon Gerofsky, Assistant Prosecutor of Somerset County, for the respondent.
The opinion of the court was delivered PER CURIAM.
The defendant appeals from an order entered in the Somerset County Court on September 27, 1949, which corrected a sentence imposed on January 3, 1941, and resentenced him.
The defendant pleaded guilty to separate charges of assault with intent to kill, grand larceny and fornication and lewdness and non vult to attempt to escape. On January 3, 1941, he was sentenced to serve a period of "not more than thirty years nor less than thirty years" on the charge of assault with intent to kill; at the same time he received sentences of "not more than three years nor less than two years" on each of the other charges, these to run concurrently with the *398 thirty-year sentence. Following his sentencing he was committed to the State Prison at Trenton where he is now confined. On March 16, 1949, the Mercer County Court denied an application by the defendant for a writ of habeas corpus and no appeal was taken.
On May 11, 1949, the defendant, through counsel, filed a petition with the Somerset County Court for correction of sentence. This petition alleged that the thirty-year sentence for assault with intent to kill was illegal since the maximum penalty under R.S. 2:110-2 was twelve years and requested that he be resentenced in accordance with Rule 2:7-13. The Somerset County Court determined that although the defendant was apparently a third offender (R.S. 2:103-9) he had not been formally charged as such and that the thirty-year sentence was illegal. State v. Weeks, 5 N.J. Super. 505 (Cty.Ct. 1949). The Court set aside the thirty-year sentence and imposed a sentence of "not more than twelve years nor less than eleven years to be served consecutively to and not concurrently with" the three concurrent two to three-year sentences and directed that the defendant be allowed credit for such time as he had served in State Prison beyond that required on the other sentences. The defendant appeals from the corrected sentence.
Rule 2:7-13 provides that "The court may correct an illegal sentence at any time." Although our Rule differs somewhat from Rule 35 of the Federal Rules of Criminal Procedure (Cf. State v. Kowalczyk, 3 N.J. 231, 234 (1949)), the quoted language is taken from and identical with the first sentence of the Federal Rule. It represents a departure from our former practice (In re Janiec, 137 N.J.L. 94, 95 (Sup. Ct. 1948); cert. den., 336 U.S. 939 (1949)), and affords to the defendant liberal opportunity to apply for correction of a sentence which, as here, was disclosed by the records to be illegal. The federal decisions, both prior and subsequent to the adoption of Federal Rule 35, have held that in correcting an illegal sentence pursuant to the defendant's application, the Court, in the exercise of its discretion, may impose a new sentence within the limits of the applicable *399 penalties provided by law. See Bryant v. United States, 214 Fed. 51 (C.C.A. 8th 1914); Kitt v. United States, 138 F.2d 842 (C.C.A. 4th 1943). Under these decisions the defendant has been held to be in no position to complain if, as a result of his application, the illegal sentence is replaced by a legal sentence of greater severity. See King v. United States, 98 F.2d 291, 295 (C.A. Dist. of Col. 1938); Murphy v. Massachusetts, 177 U.S. 155, 160, 44 L.Ed. 711, 714 (1900).
The defendant contends that his application for correction of the illegal thirty-year sentence afforded no authority to the lower Court to modify the valid two to three-year concurrent sentences. We assume this to be so (State v. Kowalczyk, supra, at p. 233); however, the lower Court took no such action. It corrected the thirty year sentence but left untouched the three concurrent two to three year sentences which were validly imposed in 1941 and presumably have been fully served. Cf. Ekberg v. United States, 167 F.2d 380, 387 (C.C.A. 1st 1948). The defendant next contends that, in correcting the illegal sentence, the lower Court had no authority to increase it, citing State v. White, 3 N.J. Misc. 1016, 1017 (Sup. Ct. 1925); affirmed, 103 N.J.L. 153 (E. & A. 1926), and Caprio v. Home of Good Shepherd of Newark, 91 N.J.L. 14 (Sup. Ct. 1917), where our former Supreme Court pointed out that after the defendant had begun serving his sentence the trial court could not, on its own motion, increase his punishment. As the federal decisions indicate, the cited cases would not appear to be pertinent to instances where the defendant has applied under Rule 2:7-13 for correction of an illegal sentence and for resentencing in accordance with law. However, we need not pursue this issue since we are satisfied that the lower Court's action substantially reduced the sentence imposed upon the defendant and did not in any real sense increase its severity.
After concluding that the thirty-year sentence was illegal and that twelve years was the maximum punishment under the pertinent statute (R.S. 2:110-2), the lower Court was obliged to consider, as it did, what sentence should have *400 been imposed. Cf.R.S. 2:195A-13. In this connection it was called upon to determine not only the term of years but also whether it should be served consecutively to or concurrently with the two to three-year terms which had been validly imposed. See State v. Mahaney, 73 N.J.L. 53 (Sup. Ct. 1905); affirmed, 74 N.J.L. 849 (E. & A. 1907); United States v. Daugherty, 269 U.S. 360, 70 L.Ed. 309 (1925). A sentence of eleven to twelve years to be served consecutively to the others could, under the circumstances and the controlling principles of law, properly have been imposed by the Court which originally sentenced the defendant. State v. Mahaney, supra. Giving due weight to the protection of the interests of the State as well as the defendant who has been lawfully convicted of the serious crime charged, similar power should not be denied to the Court which entertained and acted favorably on his application for correction of the illegal sentence. See Kitt v. United States, supra, where the Court in overruling a contrary contention noted that "Kitt cannot validly contend that the original sentence must be set aside to permit a resentence, while at the same time those provisions of the original sentence providing for concurrent, rather than consecutive, terms of imprisonment must be kept alive for his protection."
The order of the County Court is affirmed.