17 N.J. Super. 30 (1951)
85 A.2d 283
IN THE MATTER OF THE APPLICATION OF JOHN M. KERSHNER FOR WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Appellate Division.
Submitted November 26, 1951.
Decided December 19, 1951.
*31 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Eugene T. Urbaniak for respondent (Mr. Theodore D. Parsons, Attorney-General of New Jersey, attorney).
Mr. John M. Kershner, pro se.
PER CURIAM.
On May 16, 1941, the appellant was received at the New Jersey State Prison, where he is now confined, to serve consecutively four sentences imposed by the Somerset County Court, each having a minimum of five years and a maximum of seven years. On July 2, 1941, the Union County Court imposed 27 sentences, to be served consecutively, each having a minimum and a maximum of one year. The latter sentences are being served concurrently with the Somerset County sentences. On October 19, 1951, the defendant filed his appeal from the decision of the Mercer County Court denying his application for writ of habeas corpus.
The appellant's asserted grounds for reversal of the Mercer County Court's judgment are: (1) that the sentences imposed upon the defendant to be served consecutively to each other are illegal; (2) that the prison authorities illegally aggregated the minima and maxima of the consecutive sentences to produce a single sentence; and that (3) the maximum and minimum of each sentence imposed by the Union County Court being the same, are illegal.
*32 That the imposition of a series of consecutive sentences upon a convicted criminal is a valid exercise of the power of the court, has been firmly settled in this State. State v. Mahaney, 73 N.J.L. 53 (Sup. Ct. 1905), affirmed 74 N.J.L. 849 (E. & A. 1907); State v. Weeks, 6 N.J. Super. 395, 400 (App. Div. 1950). As was stated in the Mahaney case, supra, at pp. 55, 56:
"This right to impose consecutive sentences, which had its origin before the American Revolution, is one well recognized in common law. 1 Chit. Cr. L. 718; Bish. Cr. L., sec. 953; Bish. Cr. Pro., sec. 1327; Castro v. Regina, 6 App. Cas. 229.
The doctrine is one resting in common sense, as well as in authority. It is apparent that, unless consecutive sentences can be imposed, the court must either suspend sentence for one offense until the expiration of the time of imprisonment named in the other sentence, at which time the personnel of the court and of the prosecutor's office may have changed, and the facts essential to the imposition of a sentence become difficult of ascertainment, or else the court must impose concurrent sentences, the effect of which is to entirely nullify the effect of one of them. * * *
The practice of imposing consecutive sentence has, so far as I am aware, been followed in this state during the entire period of its existence as a state."
The State concedes that the practice of aggregating the minima and maxima of consecutive sentences to provide a single sentence, was held to be improper by the case of In re Fitzpatrick, 9 N.J. Super. 511 (Law Div. 1950), affirmed 14 N.J. Super. 213 (App. Div. 1951), and that the practice has been discontinued. However, the appellant is not affected by that decision, for the reason stated by the Mercer County Court in denying the appellant's application for writ of habeas corpus:
"Accordingly, you are serving consecutively and in order, 4 sentences from Somerset County, each having a maximum of 7 years, and you are serving concurrently with such sentences, a total of 27 sentences, each with a 1-year maximum, originating in Union County, these 27 sentences running consecutively with each other; but concurrently with the Somerset County sentences. Since you have not been paroled, you are serving time against the maximum *33 of certain sentences and must serve the maximum of each such sentence, unless you are sooner paroled by the New Jersey State Parole Board."
We do not need to concern ourselves with the appellant's assertion that the Union County sentences are erroneous. These sentences are being served concurrently with those imposed by Somerset County; consequently, his rights are not thereby prejudicially affected. We do not mean to imply that there is any merit to the appellant's position. We merely conclude that the contention has no pertinency.
Appeal dismissed.