17 N.J. Super. 561 (1951)
86 A.2d 421
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN PAYNE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 29, 1951.
Decided November 8, 1951.
*562 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. John Payne, pro se.
Mr. Richard J. Congleton, Essex County Prosecutor, for the respondent (Mr. C. William Caruso, Legal Assistant to the Prosecutor, on the brief).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
On April 27, 1948, the appellant was convicted in the Essex County Court of Quarter Sessions of the crime of breaking and entering with intent to commit rape and also as a second offender. He was sentenced on May 12, 1948, to State Prison for a term of not less than 12 nor more than 24 years. On October 20, 1950, the Mercer County Court denied his application for the issuance of a writ of habeas corpus, and his notice of appeal therefrom was filed on August 15, 1951.
The sole ground in the application to support the alleged illegality of confinement was that R.S. 2:103-7, as amended by L. 1940, c. 219, § 1 ("habitual criminal" statute), under which he was sentenced, is unconstitutional because it violates the due process clause and the equal protection of the law provision of the Fourteenth Amendment to the Federal Constitution. But see State v. Janiec, 9 N.J. Super. 29 (App. Div. 1950), affirmed 6 N.J. 608 (1951), cert. denied, 341 U.S. 955, 95 L.Ed. 1376 (1951), and In re Caruso, 131 N.J.L. 505 (Sup. Ct. 1944), affirmed 135 N.J.L. 522 (Sup. Ct. 1947), in which L. 1940, c. 219 was held constitutional; and Graham v. West Virginia, 224 U.S. 616, 56 L.Ed. 917 (1912), in which a similar statute of West Virginia *563 was held constitutional under an attack on the same grounds.
The State argues that this appeal should be dismissed because it was not filed within time. An order dismissing an application for the issuance of a writ of habeas corpus is a final judgment. An appeal from a final judgment of a County Court in a habeas corpus proceeding must be taken within 45 days of the entry of the judgment. Rules 1:2-5 and 4:2-5; State v. Rivers, 16 N.J. Super. 169 (App. Div. 1951). This appeal was filed more than nine months after the dismissal of the application by the Mercer County Court and must be dismissed as not filed within time. State v. Janiec, 6 N.J. 608 (1951).
We note, however, that on this appeal the appellant, for the first time, claims that the sentence is illegal because the maximum legal sentence which could have been imposed was 14 years. Counsel for respondent in his brief concedes this to be so. Rule 2:7-13 authorizes the trial court to correct an illegal sentence at any time. The appellant may apply to the trial court, namely, the Essex County Court, for the correction of his sentence. Cf. State v. Weeks, 5 N.J. Super. 505 (Cty. Ct. 1949), affirmed 6 N.J. Super. 395 (App. Div. 1950).
Appeal dismissed.