IN THE MATTER OF THE APPLICATION OF BENJAMIN DOMAKO, APPELLANT, FOR WRIT OF HABEAS CORPUS.

Decided May 19, 1952.

Writ of *certiorari* denied, see 72 *S. Ct.* 1085.

444

*Mr. Benjamin Domako, pro se,* for the appellant.

*Mr. Theodore D. Parsons,* Attorney-General of New Jersey (*Mr. Eugene T. Urbaniak,* Deputy Attorney-General, appearing), for the respondent.

The opinion of the court was delivered

PER CURIAM. On June 22, 1951, the Appellate Division affirmed the trial court's denial of the application by Benjamin Domako for a writ of *habeas corpus* and thereafter this court granted certification.

 Domako is confined in the State Prison on three consecutive sentences and one concurrent sentence imposed in 1947. The first sentence is two and one-half to seven years, the second consecutive sentence is two and one-half to seven years, the third consecutive sentence is two to five years and the fourth sentence of two to five years is concurrent with the third sentence. The prison authorities originally aggregated the sentences to reflect a combined minimum of seven years and maximum of 19 years. Domako contends, and the State concedes, that this was improper (see *In re Fitzpatrick,* 9 *N. J. Super.* 511 (*Cty. Ct.* 1950), affirmed 14 *N. J. Super.* 213 (*App. Div.* 1951)); the sentences have since been restored to their proper individual status and are now duly set forth on the prison records. Domako points out that he was deprived of parole consideration on his first sentence at the expiration of its minimum and contends that he is, therefore, entitled to a judicial determination that he was automatically paroled on his first sentence as of that time. A similar contention was expressly rejected in *In re Fitzpatrick, supra,* which we approve. In *DeSanto v. New Jersey State Parole Board,* 17 *N. J. Super.* 44 (*App. Div.* 1951) the court held that the State Parole Board has author-

ity to grant retroactive paroles to prisoners whose sentences had been improperly aggregated and the State asserts that the Parole Board has, by rule, recognized such authority. The grant or denial of parole rests within the proper judgment of the Parole Board and is in no sense a judicial function. *Cf. White v. Parole Board of State of N. J., 17 N. J. Super.* 580, 586 (*App. Div.* 1952). If Domako believes that he is entitled to further consideration for retroactive parole his proper course would appear to be by direct request to the Parole Board which may, in the exercise of its discretion, grant or deny.

Affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING and JACOBS—6.

*For reversal*—None.