IN THE MATTER OF THE APPLICATION OF JOHN M. KERSHNER, FOR WRIT OF HABEAS CORPUS.

Presented May 12, 1952—Decided May 26, 1952.

*Mr. John M. Kershner,* appellant, *pro se.*

*Mr. Eugene T. Urbaniak,* Deputy Attorney-General of New Jersey, attorney for respondent.

The opinion of the court was delivered by
WILLIAM J. BRENNAN, JR., J.   We granted certification to review a judgment of the Appellate Division which affirmed the denial by the Mercer County Court of appellant's application for a writ of *habeas corpus.   In re Kershner,* 17 *N. J. Super.* 30 (*App. Div.* 1951).

Appellant is an inmate of the State Prison, serving four consecutive sentences, each of five to seven years, imposed May 16, 1941, by the Somerset County Court, and, concurrently, 27 consecutive sentences, each with a minimum and maximum of one year, imposed July 2, 1941, by the Union County Court.

The State raises a preliminary question whether the appeal to the Appellate Division should not have been dismissed by that court as out of time.   The appeal was taken on October 19, 1951.   This was five months after the filing on May 21, 1951, by the Mercer County Court of a "letter decision" denying appellant's application for the writ.   The State contends that the time for appeal began to run from the filing date of the "letter decision."   The argument is without merit.   An appeal is taken from a "judg-

ment, order or determination," *Rule* 1:2–5, not from an opinion or "letter decision." See *Hughes v. Eisner,* 8 *N. J.* 228 (1951); *Storch v. Storch,* 7 *N. J. Super.* 97 (*App. Div.* 1950).

No judgment or order dismissing the application appears to have .been entered in the County Court. The time for appeal begins from the date of entry of such a judgment or order in the County Court. A proceeding on writ of *habeas corpus* being civil and not criminal in nature, *State v. Court of Common Pleas,* 1 *N. J.* 14 (1948), the time within which the appeal must be taken from a judgment or order denying the writ is 45 days, *Rules* 1:2–5 and 4:2–5; *State v. Rivers,* 16 *N. J. Super.* 159 (*App. Div.* 1951); *State v. Payne,* 17 *N. J. Super.* 561 (*App. Div.* 1951). The appeal to the Appellate Division in the instant matter was premature rather than tardy, and appellant did not forfeit by his delay his right to have the Appellate Division determine his appeal. *Cf. Swanson v. Swanson,* 8 *N. J.* 169 (1951).

There was, however, no error in the denial of the writ or in the judgment of the Appellate Division. Appellant does not claim that he is entitled to his immediate release and he is not to be allowed the writ in the circumstances. See *In re Fitzpatrick,* 9 *N. J. Super.* 511 (*Cty. Ct.* 1950), affirmed 14 *N. J. Super.* 213 (*App. Div.* 1951); *In re Domako,* 9 *N. J.* 443 (1952). He concedes that at best he could not be released on parole until some time in 1956 after he has served 15 years, 2 months and 15 days upon his sentences. His effort by the instant proceeding is to have the prison authorities directed not to aggregate the maximum of his concurrent Union County and Somerset County sentences to produce a single sentence of 27 to 28 years, and thus to postpone any prospect of his consideration for or release upon ·parole until he has served almost 18 years. He also seeks to have the Union County sentences corrected, contending that there is no warrant in law for a sentence with an identical minimum and maximum term. *R. S.* 2:192–4, now supplanted by *N. J. S.* 2A:164–17.

█ The State's brief concedes that as to consecutive sentences imposed prior to the enactment of *Laws* 1950, *chapter* 292, it is improper to total the minimum and maximum limits of the consecutive sentences to produce a single sentence and thus to defer the prisoner's date of eligibility for consideration for release on parole until such time as by law he would be entitled thereto if the single sentence had been imposed. The practice of combining sentences imposed prior to the effective date of *Laws* 1950, *chapter* 292, was declared illegal in *In re Fitzpatrick, supra,* which holding we approved in *In re Domako, supra.* The *Fitzpatrick* case held that a prisoner serving consecutive sentences is entitled to parole consideration upon his first sentence at the expiration of its minimum and if parole upon that sentence is granted at that time, the prisoner enters upon the service of his term under the second sentence, thus having the dual status of a parolee on his first sentence and of a prisoner serving time on his second sentence. And where manifest wrong was done a prisoner under the former illegal practice of aggregating sentences because one or more consecutive sentences were completed without his having been given consideration for parole thereon, the Parole Board has the power to grant retroactive parole to correct the injustice. *DeSanto v. N. J. State Parole Board,* 17 *N. J. Super.* 44 (*App Div.* 1951); *State v. Domako, supra.* The grant or denial of retroactive parole in such case is, however, exclusively a matter for the exercise of the discretion reposed in the Parole Board and is not in any wise a judicial function. *State v. Domako, supra.*

The State's brief says that appellant's sentences are not being aggregated as he contends. It is said in the State's brief:

"In this respect he is mistaken or misinformed * * *. At the present time, the appellant is serving his consecutive sentences in serial fashion in the manner prescribed in the *Fitzpatrick* decision, *supra.* The prior aggregation of the appellant's sentences will not render disservice to him, nor will he be required to serve a longer

period of time in confinement, for an appropriate method of dealing with any inequities arising from such practice is suggested in *DeSanto v. N. J. State Parole Board*, 17 *N. J. Super.* 44 (*App. Div.* 1951). By the authority of that decision the Parole Board may grant a retroactive parole on any completed sentences in order to permit any prisoner adversely affected to commence service of his subsequent consecutive sentences."

Since nothing contrary appears in the meagre record or in the State's brief, we assume the principles of the *Fitzpatrick* and *De Santo* cases are being applied to both the Somerset County and the Union County sentences. Section 10 of the Parole Act, *R. S.* 30:4–123.10, provides that "No inmate * * * serving a sentence for a fixed minimum and maximum term shall be eligible for consideration for release on parole until he has served his minimum sentence, less commutation time therefrom for good behavior and for diligent application to work assignments *or one-third of his fixed maximum sentence without regard to commutation time, whichever occurs sooner,* subject to the provisions of section twelve hereof." (Italics supplied.) Section 12 relates to multiple offenders who have previously served prison terms and is not pertinent in the instant case. Appellant plainly is not prejudiced as to parole consideration by the identity of the maximum and minimum terms of his Union County sentences if they are being treated as entitling him to consideration for parole upon each at the earlier of the two dates which are one year less commutation time and the expiration of one-third of a year without regard to commutation time.

And appellant's attack upon the Union County sentences as illegal under *R. S.* 2:192–4 because the minimum and maximum of each are identical is not in any event to be heard upon *habeas corpus*. If he prevailed he would not be entitled to immediate release but only to be resentenced. In addition, the writ will not ordinarily issue when other adequate relief to correct error is available to the applicant. *Cf. In re Davis,* 107 *N. J. Eq.* 160, 170 (*Ch.* 1930). And *Rule* 2:7–13 provides that an illegal sentence may be cor-

rected at any time by the sentencing court. See *State v. Payne, supra; State v. Johnson,* 16 *N. J. Super.* 174 (*App. Div.* 1951).

Therefore, if appellant wishes to press the question despite the concessions made by the State in its brief, he must apply to the Union County Court under *Rule* 2:7–13 for correction of the sentences.

Affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING and BRENNAN —6.

*For reversal*—None.