28 N.J. Super. 21 (1953)
100 A.2d 180
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES DENTO, PETITIONER-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered October 26, 1953.
Decided October 30, 1953.
*22 Before Judges CLAPP, GOLDMANN and EWART.
Mr. T. Girard Wharton, Somerset County Prosecutor, for the State.
Mr. James Dento, pro se.
PER CURIAM.
This is an appeal from a determination of the Somerset County Court denying Dento's petition to direct the administrative agent of the State Prison to change the prisoner's record and to correct the sentence previously imposed by the Somerset County Court of Quarter Sessions. The appendix does not set out the order.
Dento was on January 8, 1947 sentenced by the Essex County Court of Quarter Sessions on three charges of *23 breaking, entering and larceny. He was given a State Prison sentence of not less than six nor more than seven years on each charge, the sentences to run consecutively.
On June 24, 1947 he was brought before the Somerset County Court of Quarter Sessions for sentence on two charges of breaking, entering and larceny to which he had pleaded guilty. The sentence of the court on the first of these charges was that he serve a term of not less than five nor more than seven years in State Prison, the sentence "to run consecutively with the sentence imposed in another County under the terms of which the defendant is now confined." The sentence on the second charge was five to seven years in State Prison, this sentence to run concurrently with the sentence imposed on the first charge.
The petition filed with the Somerset County Court on May 25, 1953 recites that the admission and record clerk at the State Prison had advised petitioner that he must serve his Somerset County sentences after serving the 18 to 21 years under the Essex County sentences; that this runs contrary to the sentences imposed by the Somerset Quarter Sessions, and that the latter 5-7-year concurrent sentences were to run consecutively with the sentence under the terms of which petitioner was then confined, namely, the first of the three Essex sentences. Thus, the prisoner alleged, the Somerset sentences "would expire with the second Essex County sentence." The petition requested the County Court to direct the admission and record clerk to change his record to read that the Somerset 5-7-year concurrent sentences run consecutively with the first of the three Essex sentences he was then serving.
The County Court judge treated this petition as one for correction of sentence, that being the only aspect with which the court felt it had power to deal. The judge held there was nothing illegal in the sentence imposed by the Somerset Quarter Sessions.
The prisoner takes an equivocal position. In his petition to the County Court he asked that the prison official be directed to change the administrative record. On the other *24 hand, on this appeal he injects the element of correction of sentence; the caption of his appeal is, "Petition for Correction of Sentence on Appeal from Somerset County Court."
We know of no authority in this court, or in the County Court, to direct how prison records should be kept. This is not a case where the prisoner is presently prejudiced by the record. The situation would be otherwise if, by reason of the record at the State Prison, the prisoner was being deprived of his freedom. What Dento obviously seeks to do on this aspect of the case is to anticipate what may possibly happen after his three Essex County sentences have run their course.
We turn to the other aspect of the petition  the correction of an illegal sentence. The sentence imposed by the Somerset Quarter Sessions is clear as to the term of imprisonment and the place of confinement: two sentences of five to seven years each in the New Jersey State Prison, to run concurrently. The term imposed was a perfectly proper one under the statutes in force at the time of sentence. R.S. 2:115-1, now N.J.S. 2A:94-1, dealing with the crime of breaking and entering, denotes the offense a high misdemeanor. R.S. 2:103-5, now N.J.S. 2A:85-6, prescribes a penalty of $2,000 fine or imprisonment, with or without hard labor, for a term not exceeding seven years, or both, for high misdemeanors. And R.S. 2:192-4, now N.J.S. 2A:164-17 requires that State Prison sentences other than life sentences must be for a maximum and minimum term, the maximum not to exceed that prescribed by law for the offense and the minimum to be not less than one year.
The portion of the sentence to which defendant directs our attention as illegal and requiring correction under R.R. 3:7-13 and 15 (formerly Rules 2:7-13 and 1:2-30) is that the 5-7-year term "run consecutively with the sentence imposed in another County under the terms of which the defendant is now confined." There is nothing on the face of the record of this sentence which shows it to be illegal. Cf. State v. Weeks, 6 N.J. Super. 395, 398 (App. Div. 1950), affirming 5 N.J. Super. 505 (Cty. Ct. 1949). What *25 the prisoner wants us to do is to give his interpretation to that sentence in its relation to the three Essex County sentences. The cases he cites, including In re Fitzpatrick, 9 N.J. Super. 511 (Cty. Ct. 1950), are not in point.
The County Court was correct in dismissing the petition.
In view of Dento's concern with the possible ambiguity in the quoted language used by the Somerset Court of Quarter Sessions in sentencing him, it would seem proper as well as practical for the prosecutor at this time to move, under R.R. 3:7-14, that the County Court clarify the language of the sentence while the matter is still relatively fresh. Should the prosecutor fail to do so, the Somerset County Court may act on its own motion. Notice should, of course, be given the prisoner.
Affirmed.