29 N.J. Super. 331 (1954)
102 A.2d 684
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
IRVING MORRIS BEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 25, 1954.
Decided February 2, 1954.
*332 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Irving Morris Bey, appellant, pro se.
Mr. Frederick T. Law, County Prosecutor, for respondent (Mr. Frank J.V. Gimino, Assistant Prosecutor).
The opinion of the court was delivered PER CURIAM.
We recognize that every prisoner confined in this State, notwithstanding the recorded succession of his convictions of crime, has a right to have his bona fide petition for a review of the validity of his present imprisonment judicially considered and determined, but experience has disclosed that it is time to deplore the conspicuous abuse of the liberality with which whimsical and spurious appeals from such decisions are transmitted in forma pauperis to this Division.
The responsibility for this generous and burdensome practice has been ours. In our desire to aid any indigent prisoner in our penal institutions whose incarceration might be discovered to be unlawful, our courts have in recent years encouraged a current flow of petitions for writs of habeas corpus which are sham and baseless and in which the fictitious factual allegations are falsely verified. Prisoners have become a distinctive class of litigants to whom special and exceptional privileges are accorded. The payment of filing fees is excused. The court rules are uniformly relaxed in such cases. Counsel is sometimes appointed to represent a prisoner without compensation. Experience has now revealed that the benevolent opportunities so afforded most of these prisoners with the best of intentions are being notoriously abused by too many who are manifestly unworthy of such leniencies.
Many of the briefs submitted pro se by the appellants contain scandalous aspersions impugning the motives and integrity of the trial judge and prosecuting officials. Those excerpts from the briefs illuminate the vicious mind of the prisoner, and they probably should be transmitted to the Parole Board. Defamation is not argumentation.
*333 We pause to state that the brief of the present appellant does not possess all of those attributes. We have spoken of the petitions and briefs of prisoners collectively. We endeavor to be alert in all meritorious appeals to nullify or reverse any judicial ruling or decision which denies a prisoner his liberation from an illegitimate imprisonment. It should, however, be foreseen that utterly baseless appeals are fruitless. Our knowledge of the occurrences tempts us to make the foregoing comments.
This appellant has acknowledged that he was convicted of grand larceny in New York in 1936, of forgery in Raleigh, North Carolina in 1938, of grand larceny again in New York in 1941, of forgery again in New York in 1943, again of forgery in New Jersey in 1947. Mention is made of those experiences of the defendant to indicate the extent of his education in the proceedings of courts of criminal jurisdiction. He is now confined in the New Jersey State Prison in consequence of his pleas of guilty entered in the Hudson County Court on December 2, 1949 to five indictments charging him with passing worthless checks. His application for a writ of habeas corpus was granted in 1953, an attorney appointed to represent him, and a hearing conducted before the judge of the Superior Court on September 18, 1953. The judge concluded that the writ should be discharged. From that determination the defendant appeals in forma pauperis.
The asserted grievance of the defendant is that he was not represented by an attorney at the session of the court at which he entered pleas of guilty to the five indictments last mentioned. The facts appear to be that he was first arraigned on October 7, 1949 on the four indictments identified as Nos. 58, 59, 60, and 61 of the 1949 term. He was then represented by an attorney who announced for him pleas of not guilty to those indictments. On November 21, 1949 the defendant addressed a written communication to the presiding judge, the pertinent parts of which read:
"* * * And due to the fact that my Attorney was not in court today, I have decided to take it upon myself and without *334 further aduo, Plead guilty to the charges of which the state has against my person. * * * My purpose for the attorney this morning was to speak in my behalf toward making restitution if the state would permit, In a given period of time. It is not my intention to continue the matter any further if Your Honor so desires to recall me to plead to the present indictment, which plea shall be guilty."
In response to the stated wishes of the defendant as expressed by him in his communication, he was again arraigned on January 13, 1950 to plead over to the four indictments and to the fifth indictment designated as No. 284. He entered pleas of guilty to each. Manifestly he had resolved to acknowledge his guilt. Evidently his desire was not for an attorney to defend him from guilt, but to advocate conditions upon which the sentences might be mitigated. Vide, State v. Grillo, 11 N.J. 173, 181 (1952). His grievance rather inheres in his dissatisfaction with the sentences imposed upon him, without an opportunity to avoid imprisonment by making restitution to his victims. Manifestly this is not a valid ground to liberate him from confinement. Cf. State v. Pometti, 12 N.J. 446, 454 (1953).
The philosophy of this defendant finds expression in the following quotation extracted from his brief:
"* * * Appellant never stated that he was innocent of this crime or any other crime. Many are they who violate the law and escape punishment. There are many avenues for the production of wealth and many are they who travel thereon. But, who is it that escapes the wrath of GOD, when they violate his law?"
The statement exhibits both the innate contemplations of illgotten gain and the consequential reflections of solitude.
Our examination of the record fails to reveal any justification for the reversal of the order under review. It is accordingly affirmed.