40 N.J. Super. 466 (1956)
123 A.2d 579
THE STATE OF NEW JERSEY
v.
LEROY JEFFERSON.
Superior Court of New Jersey, Appellate Division.
Considered June 21, 1956.
Decided June 25, 1956.
*468 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Leroy Jefferson, pro se.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant's application for leave to appeal in forma pauperis is denied. He claims double jeopardy, arguing that the consecutive sentences imposed by the Monmouth County Court on January 22, 1954 on three charges of atrocious assault and battery were improper because the offenses arose out of one act and were established by the same evidence. He further contends, generally and without specification, that the indictment was improper because the three offenses, and six additional ones, were set up by way of nine separate counts.
The factual background of this case may be found in an unpublished opinion handed down by this court on October 13, 1954 (Docket A-730-53):
"Defendant appeals from an order of the Monmouth County Court denying his petition for correction of illegal sentence.
"On July 22, 1953 defendant attempted to force his way into an Asbury Park apartment while drunk. In the course of doing so he broke a window or a door. The apartment occupant phoned police headquarters and several officers were at once dispatched to the scene of the incident. When they attempted to arrest defendant and take him to headquarters he resisted arrest, got into an extended scuffle with the officers, and beat them. As a result, the municipal magistrate imposed sentences of one year in county jail for being a disorderly person and three months for malicious mischief. He further ordered that defendant be held for the grand jury.
*469 "Thereafter the grand jury returned indictment No. 6524, in nine counts, charging defendant with atrocious assault and battery upon each of three named police officers (counts 1, 4 and 7), simple assault and battery (counts 2, 5 and 8), and assault and battery upon the officers in the execution of their duties (counts 3, 6 and 9). Defendant's family retained counsel who represented defendant at every stage of the ensuing proceedings. On September 11, 1953 defendant entered a plea of not guilty. This plea was withdrawn on September 28 and defendant pleaded non vult to counts 2, 5 and 8 charging simple assault and battery. On October 16, the date set for sentence, counsel suggested to the court that his client might possibly have had justifiable reason for striking back at the officers, that defendant was handcuffed when the alleged striking took place, and that he had been manhandled. The County Court judge then permitted withdrawal of the non vult plea and directed the clerk to enter a plea of not guilty. Six days later, on October 22, defendant by his attorney again retracted the not guilty plea and pleaded non vult to counts 1, 4 and 7 of the indictment charging atrocious assault and battery against the respective officers. The court specially inquired whether defendant thoroughly understood the significance of the plea, and defendant as well as his counsel answered in the affirmative.
"The State moved for imposition of sentence on October 30, and counsel for defendant requested that his client be sent to the Marlboro State Hospital for classification. The court acceded to the request. Finally, on January 22, 1954, defendant was sentenced to State Prison for a term of three to seven years on count 1, a like term on count 4, and two to five years on count 7, the terms to run consecutively, credit to be given for 185 days spent in the county jail.
"Defendant petitioned the County Court for correction of illegal sentence (R.R. 3:7-13). The court denied the application on April 23, 1954. This appeal followed.
"The application here sounds in habeas corpus, and not for correction of sentence, for defendant claims he is entitled to release from imprisonment forthwith. * * *"
*470 Defendant is now serving the consecutive sentences imposed on counts 1, 4 and 7. No sentences were imposed on the remaining six counts, and they are apparently awaiting nolle pros. on the recommendation of the prosecutor.
Any objection that might theoretically be directed to the form of the indictment is entirely out of time. It could be raised only by direct appeal, and the time for appeal has passed. R.R. 1:3-1 and R.R. 1:27B (formerly R.R. 1:1-9). As observed in our former opinion, had defendant sought to enlarge the time for taking an appeal under R.R. 1:3-1  and he did not  the time for appeal would have expired on May 22, 1954, final judgment of conviction having been entered on January 22, 1954. The time within which a defendant must appeal has been held mandatory and jurisdictional. State v. Janiec, 6 N.J. 608 (1951).
Among the other contentions made on the former appeal was that of double jeopardy. We clearly and definitely disposed of that contention when we said:
"The claim of double jeopardy is again raised in connection with the consecutive State Prison sentences imposed after defendant had pleaded non vult to the counts for atrocious assault and battery. The argument here is that these three offenses arose out of a single act and so there could have been but one crime and one sentence. There is no attempt to prove that there was but one act. We do not have a situation like that in State v. Pennsylvania Railroad Co., 9 N.J. 194 (1952), or State v. Cosgrove, 103 N.J.L. 412 (E. & A. 1927). The three policemen here involved were not simultaneously struck with one swing of the hand or one movement of the body. The struggle which ensued when the police tried to arrest defendant involved successive strikings, and though these may have taken place in close sequence, they were nonetheless separate and distinct blows. There is no double jeopardy here. State v. Rosa, 72 N.J.L. 462 (E. & A. 1905)." State v. Hoag, 21 N.J. 496 (1956).
We also noted that defendant "was ably represented throughout the proceedings by counsel of his family's choosing *471 whom he approved and utilized. He fully understood what he was doing, as well as the significance of his final plea of non vult to the atrocious assault and battery counts."
Thereafter, about June 1955, defendant again sought a writ of habeas corpus to review the legal propriety of his sentences. The writ was allowed and, after argument and examination of the stenographic record, dismissed. The County Court found defendant in contempt of court because he had initially been warned that his application was without merit. On appeal, the contempt sentence was held invalid. However, this court found no error in the dismissal of the writ itself, agreeing with the County Court that defendant's attack upon the sentences was without merit.
Defendant has on two other occasions sought leave to appeal in forma pauperis, but on grounds other than double jeopardy, and in both cases leave was denied.
As observed in the very recent case of State v. Pohlabel, 40 N.J. Super. 416 (App. Div. 1956), this court has the power to protect itself from a defendant's abuse of the writ of habeas corpus. In re Tremper, 126 N.J. Eq. 276, 281 (Ch. 1939); In re Sabongy, 18 N.J. Super. 334, 340-341 (Cty. Ct. 1952); State v. Fontano, 26 N.J. Super. 166 (App. Div. 1953); State v. Bey, 29 N.J. Super. 331, 332 (App. Div. 1954).
The claim of double jeopardy has hitherto been thoroughly considered by this court and the County Court, and rejected. Defendant's present application is a clear abuse of the privileged writ of habeas corpus. We will not encourage the filing of successive and repetitious applications by entertaining his present petition for leave to appeal in forma pauperis.
The application is denied.