41 N.J. Super. 391 (1956)
125 A.2d 311
NATHANIEL KLINE, PETITIONER-APPELLANT,
v.
STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted July 30, 1956.
Decided September 11, 1956.
*393 Before Judges McGEEHAN, SCHETTINO and HAND.
Nathaniel Kline, pro se.
Mr. Leon Gerofsky, Somerset County Prosecutor, attorney for defendant-respondent (Mr. Robert O. Brokaw, Assistant County Prosecutor, on the brief).
PER CURIAM.
Appeal is taken from an order of the Law Division denying an application for a writ of habeas corpus.
On June 6, 1947, appellant pleaded guilty and was sentenced by the Somerset County Court of Special Sessions for an assault with intent to kill while armed with a knife, and as a third offender to a term of not less than 15 years and not more than 20 years in the State Prison at hard labor, and he was committed to the State Prison at Trenton, where he has since remained.
On December 1, 1953, appellant petitioned the county court for a writ of habeas corpus alleging that his confinement was unlawful in that he was not represented by counsel nor advised of his right thereto, and that his sentence of 15 to 20 years was excessive, being greater than the maximum term of 12 years provided by the statute.
On December 1, 1953, the County Court decided that the petition was insufficient on its face to warrant issuance of *394 the writ of habeas corpus on the ground of denial of counsel and that the question of illegal sentence was not properly raised on application for writ of habeas corpus, and entered an order denying the writ.
On March 31, 1954, in an unreported opinion, the Appellate Division affirmed the County Court's order but questioned the correctness of the sentence imposed upon Kline on June 6, 1947, suggesting that he could apply to the County Court at any time for correction of the sentence, pursuant to R.R. 3:7-13.
On August 18, 1954, petitioner filed a motion to correct his sentence. On December 6, 1954, the County Court entered an order correcting the sentence by vacating the original sentence and sentencing the appellant to serve a term in the New Jersey State Prison, at hard labor, of not less than 11 years and not more than 12 years for the offense of assault with intent to kill, and to an additional term in the New Jersey State Prison, at hard labor, of not less than four years and not more than five years since the offense was committed while armed, said additional sentence to run consecutively to the sentence imposed for the principal offense.
On December 9, 1955, Kline filed an application for a writ of habeas corpus, alleging that he was unlawfully imprisoned in that he was without counsel when convicted on his plea of guilty on June 6, 1947, he was without counsel when resentenced on December 6, 1954, that the allegation preferred against him and on which he was sentenced as an armed criminal on December 6, 1954 contained no notice that he was subject to additional punishment for being armed, and finally that when resentenced on December 6, 1954 he received no credit for time already spent in custody.
On April 26, 1956 the Law Division rendered its opinion and by an order dated April 26, 1956 denied the petition. It is from this order that petitioner now appeals.
We consider first whether habeas corpus was the proper procedure for appellant to follow. Appellant contends that the sentence under which he is presently confined is illegal in that no credit for time already served was expressly given *395 and that the additional sentence for being armed was unwarranted since he was given no notice that he was subject to such additional punishment by a separate count. He sought to have the legality of the sentence reviewed in the Law Division.
Habeas corpus is a collateral attack on the particular judgment, sentence, or order under which the prisoner is held, and may not be used as an appeal to correct, modify, or revise the judgment of conviction, sentence, or order. Where the court has jurisdiction and errs merely in regard to the punishment, the remedy is by appeal, or other procedure allowed by rules of court, whereby the mistake can be corrected and such sentence pronounced as should have been imposed. An alleged illegal or improper sentence cannot be reviewed through the medium of habeas corpus. State v. La Battaglia, 30 N.J. Super. 1 (App. Div. 1954); In re Kershner, 9 N.J. 471 (1952).
In the Kershner case, the defendant applied for a writ of habeas corpus to review an alleged illegal lumping of sentences. On appeal from a denial of the writ the court affirmed and held that such review could not be had on habeas corpus and that ordinarily the writ will not issue when other adequate relief to correct error is available to the applicant. Rule 2:7-13 cited in the Kershner case is now designated R.R. 3:7-13. It is to be noted that it permits the correction of an illegal sentence at anytime. Furthermore, R.R. 3:7-15(a) provides:
"Where a prisoner is in custody under sentence of a criminal court and claims that the sentence imposed was illegal, he shall file his application for correction of the sentence with the clerk of the county court in the county where the sentence was imposed. The clerk shall forthwith docket the application and forward it to the Assignment Judge who may assign it to any Superior Court or county court judge sitting in the county, whenever practicable such assignment to be made to the judge who imposed sentence. An appeal from the determination of such application may be taken in the same manner as from other final judgments."
Appellant had other adequate relief available to him to review the judgment correcting his sentence. He could have *396 appealed from the order correcting his sentence since such an order is appealable as other final judgments. R.R. 3:7-15(a). His appeal should have been taken within 45 days of the entry of the judgment. R.R. 1:3-1(b). By his failure to appeal from the determination correcting his sentence within 45 days, he forfeited his right to review and cannot be allowed to use habeas corpus to accomplish his purpose. State v. Jefferson, 40 N.J. Super. 466 (App. Div. 1956), 123 A.2d 579 (App. Div. 1956).
Appellant must be entitled to immediate release for the writ of habeas corpus to issue. In re Kershner, supra. If appellant prevailed on his contentions that the additional sentence for being armed is unwarranted and that he received no credit for time already spent in custody, he would nevertheless not be entitled to release. He was first sentenced for the crime of assault with intent to kill on June 6, 1947. On December 6, 1954, the sentence for this offense was corrected to impose a sentence of 11 to 12 years. Allowing credit for time spent in custody there is still a portion of the 11-year minimum sentence to be served. The result is the same if appellant's contention that the additional four to five year sentence for being armed is correct. We find no error in the denial of the writ. The allegation charges the commission of the assault "with a certain knife, which he the said Nathaniel Kline then and there in his hands had and held * * *." This is an adequate statement of the commission of the offense while armed. State v. LaVera, 35 N.J. Super. 256 (App. Div. 1955).
Likewise petitioner's claim that he received no credit for time spent in custody is without substance. The order of December 6, 1954, being the correction of a previous sentence, automatically speaks as of the date of the original sentence being corrected. The record here indicates that the State Prison records show that the present sentence is correctly computed from June 6, 1947.
While the order of December 6, 1954, does not expressly allow the petitioner credit for time spent in custody, appellant is not entitled to release. Application can properly *397 be made under R.R. 3:7-14 to clarify the language of the sentence to conform to the records of petitioner's commitment at the New Jersey State Prison. See State v. Dento, 28 N.J. Super. 21, 25 (App. Div. 1953). Moreover, the State intends to make such an application on the disposition of this appeal in that respect. If and when the application is made, we suggest to the State that "A sentence passed in the absence of the defendant is void," State v. Stephenson, 41 N.J. Super. 315 (App. Div. 1956).
We desire to point out to this appellant and others similarly situated the language of Judge Goldmann in State v. Jefferson, supra (40 N.J. Super. 466, 471) that "this court has the power to protect itself from a defendant's abuse of the writ of habeas corpus."
The appeal is dismissed.