63 N.J. Super. 90 (1960)
164 A.2d 81
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARIO DE LUCIA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 12, 1960.
Decided September 22, 1960.
*92 Before Judges GOLDMANN, FREUND and HETFIELD.
Mr. Mario De Lucia, appellant pro se.
Mr. Stanley E. Rutkowski, Mercer County Prosecutor, attorney for respondent (Mr. Edward J. Phelan, Assistant Prosecutor on the brief).
PER CURIAM.
Defendant appeals from the denial, without formal answer by the State and without a hearing, of his *93 application for a writ of habeas corpus by the Superior Court, Law Division. He claims that the court which originally sentenced him did not have jurisdiction with respect to several of the offenses to which he pleaded guilty. He also alleges that, with respect to one offense, he was not properly charged upon his oath before a magistrate. Finally, he urges that upon his apprehension he was illegally detained without warrant or arraignment before a magistrate, and that during this period of illegal detention a confession was forced from him, in violation of his constitutional rights.
On May 9, 1947, eight days after his arrest, defendant signed a written waiver of indictment and trial by jury for the offense of "Burglary (14 charges)." On May 12, 1947 he was arraigned, before the Mercer County Court of Special Sessions, on 29 specific offenses  including breaking and entering, larceny, and receiving  contained in 14 separate allegations. Defendant pleaded guilty to all but two of the specific offenses charged, and on May 16, 1947 was sentenced to consecutive prison terms totaling 32 to 45 years.
A chronicle of defendant's prior legal maneuvers reveals periodic visitations upon both state and federal courts. In 1954 this court affirmed the denial of defendant's application for the issuance of a writ. He then applied to the United States District Court, which denied his application and was affirmed by the Third Circuit Court of Appeals. Application of De Lucia, 221 F.2d 957 (3 Cir. 1955). The United States Supreme Court reversed the affirmance and ordered the District Court to afford defendant a hearing. De Lucia v. State of New Jersey, 350 U.S. 879, 76 S.Ct. 143, 100 L.Ed. 776 (1955). After three days of hearing, during which time defendant's allegations concerning his pleas of guilty in 1947 were "exhaustively explored," the District Court denied De Lucia's application. On motion for rehearing, defendant assailed the competency of his court-appointed counsel and the presiding federal judge, and claimed that he was denied effective presentation of his case. The District Court judge decided, in denying the motion, *94 that defendant "had the burden of proving his charges and he completely failed to carry it," and his allegations were again found to be without substance.
Many of the points here raised by defendant are repetitious of his allegations in former proceedings. Although the doctrine of res judicata does not technically apply to habeas corpus proceedings, a plea based on substantially the same grounds as former appeals, in the absence of any material change of circumstances, results in the ascription of great weight to the prior proceedings. State v. Fontano, 26 N.J. Super. 166, 172 (App. Div. 1953), affirmed 14 N.J. 173 (1954). Cf. Leith v. Horgan, 13 N.J. 467, 472 (1953); 38 A.L.R.2d 1440 (1954). Having on a previous occasion considered and rejected defendant's assertions with respect to a coerced confession and denial of the right to counsel, this court may now exercise its power to shield itself from a defendant's abuse of the writ of habeas corpus. State v. Pohlabel, 40 N.J. Super. 416, 422 (App. Div. 1956); State v. Jefferson, 40 N.J. Super. 466, 471 (App. Div. 1956); Kline v. State, 41 N.J. Super. 391, 397 (App. Div. 1956); Worbetz v. Goodman, 47 N.J. Super. 391, 397 (App. Div. 1957), certif. denied 26 N.J. 245 (1958). We re-emphasize our statement in State v. Forsythe, 55 N.J. Super. 225, 229 (App. Div. 1959), that "[a] prisoner has every right to resort to the courts for a determination of matters which he considers affect his basic constitutional rights. But he may not present the same constitutional question, in the same factual setting, again and again."
We will nonetheless examine those of defendant's contentions which appear to have been raised for the first time. De Lucia asserts that he was not charged upon oath before a magistrate with respect to allegation No. 138 (breaking and entering, and larceny), and he produces in support thereof an "attendance" record from the Mercer County jail which gives no indication that defendant left that institution between May 1 and May 19, 1947. The claim is entirely fallacious. Various copies of the official records attached by *95 defendant to his petition, as well as his own sworn statement of facts, clearly show that he pleaded guilty to the several allegations on May 12, 1947 before the Mercer County Court of Special Sessions, and that on May 16, 1947 he appeared for sentence before Judge Hutchinson of that court.
Whether defendant's verified petition is thus knowingly false, or not, see State v. Lenkowski, 24 N.J. Super. 444, 449 (App. Div. 1953), he has succeeded in eliminating any touch of validity from his argument by expressly contradicting the very factual contentions on which his petition is founded.
The writ of habeas corpus is designed as a means of securing release from an imprisonment alleged to be illegal because of the lack of jurisdiction of the convicting court. State v. Cynkowski, 10 N.J. 571, 576 (1952). It is not a writ of right, since the writ is granted only in the exercise of sound judicial discretion. It is axiomatic that in order for the writ to issue, the petitioner must convincingly show that he is entitled to immediate release. Kline v. State, supra, 41 N.J. Super., at p. 396. A slight modification of this axiom emerges from Jablonowski v. State, 29 N.J. Super. 109 (App. Div. 1953), where we held that the writ is available to discharge a prisoner from confinement for the sentence which he is serving at the time of application, even though issuance of the writ will not compel his physical release from custody but will merely reduce the number of consecutive sentences remaining to be served.
Thus, in the absence of a wholesale assault on all of his convictions, De Lucia may attack, by means of this proceeding, only that sentence which he is presently serving. In determining which sentence that is, the maximum term of each of the sentences must be computed. Manda v. State, 28 N.J. Super. 259, 262 (App. Div. 1953). It appears that defendant is presently serving a four to six year sentence for allegation No. 132 (breaking and entering, and larceny).
With respect to allegation No. 132 (as well as to other of the allegations, which cannot be attacked in this proceeding), defendant urges that the court below lacked jurisdiction *96 to sentence him for any offense other than "burglary." Defendant's reasoning is that he formally waived trial by jury and indictment only as to "Burglary (14 charges)," and thus could not be sentenced under allegation No. 132 for "larceny." R.S. 2:115-1 and 2, now N.J.S. 2A:94-1; R.S. 2:145-1, now N.J.S. 2A:119-1; and R.S. 2:103-5, now N.J.S. 2A:85-6.
But defendant overlooks the fact that he pleaded guilty not only to "breaking and entering" (burglary) but also to "larceny." In the absence of any improprieties in the elicitation of his plea of guilty, defendant cannot now attack the jurisdiction of the sentencing court. This was fully explained by Justice Jacobs in State v. Cynkowski, supra, 10 N.J., at p. 576:
"If the defendant was convicted upon a proper charge by a competent court after fair trial or upon a plea of guilty or non vult fairly entered, no jurisdictional defect would appear; if, however, the defendant was never afforded opportunity for fair trial or his plea was entered under circumstances which rendered its acceptance fundamentally unfair or shocking to a sense of justice, the resulting conviction would violate the due process clause * * *."
There is abundant authority to the effect that a voluntary plea of guilty, entered under circumstances free of duress or other illegality, constitutes a valid waiver  or more precisely, eliminates the need for waiver  of the right to jury trial. See Lucas v. Warden of Maryland House of Correction, 209 Md. 645, 120 A.2d 913 (Ct. App. 1956); Commonwealth v. Myers, 187 Pa. Super. 654, 145 A.2d 870, 872 (Super. Ct. 1958); U.S. v. Colonna, 142 F.2d 210 (3 Cir. 1944). The statute in effect at the time of defendant's apprehension and conviction, R.S. 2:191-1, required a written waiver of indictment and trial by jury as a condition precedent to trial in the Court of Special Sessions. But it has been held that a non-written waiver, under circumstances indicating knowledge and understanding on the part of the defendant, was a sufficient barrier to later attack by means of the writ of habeas corpus. In re Zee, 13 N.J. *97 Super. 312, 322 (Cty. Ct.), affirmed in State v. Zee, 16 N.J. Super. 171 (App. Div. 1951). Our existing rules with respect to written waiver, R.R. 3:7-1, have been construed to the same effect. If the underlying purpose and spirit of the rule are observed, we have held that the failure to obtain a written waiver will not vitiate the conviction. Cf. State v. Ciniglio, 57 N.J. Super. 399, 406 (App. Div. 1959), certification denied 31 N.J. 295 (1960).
Of course, if the waiver and subsequent plea of guilty were entered under circumstances indicating that the defendant was improperly advised or intentionally confused by the prosecutor as to the consequences of the plea, then defendant may be entitled to relief. See State v. Ballard, 15 N.J. Super. 417, 421 (App. Div. 1951). As we have previously stated, the circumstances surrounding defendant's plea of guilty to allegation No. 132, and, indeed, to all of the charges for which he was sentenced, have been exhaustively examined in the past  by both this court and the federal courts. Defendant's present contention returns us to the same thoroughly explored plea. No grounds for the relief of habeas corpus having been discovered previously, we are constrained to label this case as one in which a prisoner has not hesitated to ask us "to reconsider issues that have been fully presented and determined on one or more occasions." State v. Forsythe, supra, 55 N.J. Super., at p. 229. We can merely repeat that our courts do not exist to further such a purpose, and will not be used to promote such an end.
Affirmed.