26 N.J. Super. 166 (1953)
97 A.2d 498
STATE OF NEW JERSEY, RESPONDENT.
v.
JOSEPH JAMES FONTANO, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 25, 1953.
Decided June 8, 1953.
*168 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Joseph James Fontano, appellant, pro se.
Mr. Donald G. Collester, Prosecutor of Passaic County, for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
The decision in State v. Cynkowski, 10 N.J. 571 (1952), declared that there is no fixed limit of time within which a writ of habeas corpus may be sought and that the court may not deny ultimate relief in such *169 proceedings merely because the petitioner acted tardily in applying for the writ.
The present appeal introduces for decision the right of a prisoner to present a succession of petitions for the issuance of the writ, and the conclusiveness, if any, of the prior dismissals.
No one who sincerely believes in the preservation of personal liberty and the right of a prisoner to initiate a judicial inquiry concerning the legality of the incarceration would criticize the liberal policy of our courts in perpetuating the historic availability of the writ of habeas corpus. The right of the vilest criminal, or of the most illiterate and forlorn prisoner, to the use of the writ ad subjiciendum should never be abridged.
But in recent years the flow of applications for the writ from inmates of our penitentiaries has swollen inordinately above the rising tide of crime. Not many petitions are crudely composed, but the records on appeal are normally incomplete. Briefs are submitted by uneducated petitioners pro se, in forma pauperis, which are replete with citations of decisions from numerous jurisdictions both domestic and foreign, and many are garnished with choice excerpts and judicially authoritative quotations. One sometimes wonders whether there is an academy of law conducted within the walls of the prison.
It is not to be inferred that the cited authorities are not instructive and amicably received, but in most instances the facts do not warrant their application.
Not only has the number of petitioners greatly increased, but the number of petitions filed by a single petitioner has also enlarged. For example, between January 1, 1937 and June 15, 1947, of the 368 petitions by inmates of Alcatraz, 45 were filed by three prisoners, 16, 15, and 14 respectively. Sixty-three prisoners filed 251 petitions. The incipient stages of a like experience are noticeable in our own and other jurisdictions. Profuse now are the petitions for certiorari in habeas corpus cases addressed to the United States Supreme Court.
*170 We can envision cases where the petitioner, having been unsuccessful in a prior application, discovers a new and additional ground for the writ and in good faith again applies for its allowance. If the supplementary ground as alleged appears to be meritorious, he should not be denied the writ merely because of the prior unsuccessful application. The principle of res adjudicata is not strictly applicable to orders denying the issuance of the writ or to those denying the discharge of the prisoner in such proceedings. Salinger v. Loisel, 265 U.S. 224, 68 L.Ed. 989, 44 S.Ct. 519 (1924); Waley v. Johnston, 316 U.S. 101, 86 L.Ed. 1302, 62 S.Ct. 964 (1942).
However, we have also the class of petitions presented successively by the same applicant in which the allegations are manifestly repetitious and of the same pattern. In others, the only additional matter in the subsequent petition relates to the asserted deprivation or inadequacy of some prison privilege or the impugned propriety of some disciplinary restriction. The preponderant number of falsely fabricated and unmeritorious petitions generates some justification for the apprehension that the construction of applications for writs of habeas corpus is now a fashionable and gratifying penitentiary activity.
Nevertheless, we affirm the right of a prisoner to make successive applications and to have each of his petitions judicially scrutinized. The court may not ignore or reject such a petition solely because the petitioner has previously made one or more applications in vain. A prisoner is not limited to but one opportunity to gain his freedom. Vide, Price v. Johnston, 334 U.S. 266, 92 L.Ed. 1356, 68 S.Ct. 1049 (1948).
We do not intend to imply that in the consideration of the subsequent petition the judge should entirely ignore the allegations of the applicant's former petition or petitions and the decision or decisions rendered in those proceedings. While the prior determinations are not to be recognized as conclusive, due recognition and regard should be accorded to the previous factual findings.
*171 There are influential decisions of our federal courts, logical and justly pragmatical, supporting that avenue of judicial practice, such as those delivered in Salinger v. Loisel, supra; United States ex rel. Innes v. Hiatt, 50 F. Supp. 756 (D.C. 1943), affirmed 141 F.2d 664 (C.C.A. 3, 1944); Dorsey v. Gill, 80 U.S. App. D.C. 9, 148 F.2d 857 (U.S.C.A.D.C. 1945), cert. den. 325 U.S. 890, 89 L.Ed. 2003, 65 S.Ct. 1580 (1945); Rookard v. Huff, 79 U.S. App. D.C. 291, 145 F.2d 708 (U.S.C.A.D.C. 1944); United States ex rel. Karpathiou v. Jordan, 153 F.2d 810 (C.C.A. 7, 1946), cert. den., 328 U.S. 868, 90 L.Ed. 1639, 66 S.Ct. 1372 (1946); Wong Doo v. United States, 265 U.S. 239, 68 L.Ed. 999, 44 S.Ct. 524 (1924); United States ex rel. Bergdoll v. Drum, 107 F.2d 897, 129 A.L.R. 1165 (C.C.A. 2, 1939), cert. den. 310 U.S. 648, 84 L.Ed. 1414, 60 S.Ct. 1098 (1940); Price v. Johnston, supra; Darr v. Burford, 339 U.S. 200, 94 L.Ed. 761, 70 S.Ct. 587 (1950).
It was in United States ex rel. McCann v. Thompson, 144 F.2d 604, 156 A.L.R. 240 (C.C.A. 2, 1944), cert. den. 323 U.S. 790, 89 L.Ed. 630, 65 S.Ct. 313 (1944), that Judge Learned Hand remarked that "when the question has once been decided upon full consideration, there must be an end, else the court becomes the puppet of any pertinacious convict." Assuredly, there seems to arise from modern experience the imperative need of some expedient to safeguard the legitimately contemplated use of the writ of habeas corpus and to restrain the flagrant abuse of its intended wholesome utility.
Our discussion of this aspect of the subject is responsive to the present appeal in that a cardinal point is made in the present case that the application under review is the third submitted by this petitioner since his sentence and the judge to whom it was presented gave consideration to the allegations contained in one of the petitioner's former petitions in pursuance of which the petitioner was afforded a hearing.
We express the opinion that in the consideration of such an application the judge may properly examine the former petition, ascertain the facts therein alleged, the adequacy *172 of the hearing and the scope of the prior factual findings, and where it is apparent that the grounds for relief are substantially identical with those alleged in the former petition concerning which the petitioner was afforded a full hearing and that there appears to have been no material change in circumstances, the judge may in the exercise of sound discretion ascribe influential, but not necessarily controlling, weight to the findings in the prior proceeding. Vide, Anno., 92 L.Ed. 1387, et seq.; In re Tremper, 126 N.J. Eq. 276 (Ch. 1939), affirmed 129 N.J. Eq. 274 (E. & A. 1941); In re Sabongy, 18 N.J. Super. 334, 341 (Cty. Ct. 1952).
The petitioner was accused of being a member of a group engaged in the theft and illicit sale in 1946 and 1947 of automobiles. The Passaic County grand jury found and presented against him in excess of ten indictments. Of the ten, two were for conspiracy, three for breaking, entering, larceny and receiving, three for removing identification marks from motor vehicles, one for receiving a stolen motor vehicle, and one for dealing in motor vehicles without a license. To those ten indictments the petitioner with the benefit of the advice of his chosen attorney entered pleas of non vult on June 11, 1948. On June 25, 1948 he was sentenced to a term in the New Jersey State Prison of not less than one year and not more than two years on each indictment, with the direction that the terms should run consecutively.
Pursuant to the issuance of a writ of habeas corpus out of the Middlesex County Court the petitioner was afforded a complete hearing on February 15, 1952, at which he was also represented by counsel. He failed to sustain the allegations of his petition. His subsequent applications have been addressed to the Passaic County Court, the last of which, now before us for review, was denied on January 30, 1953.
It will serve no useful purpose to burden this memorandum with a detailed demonstration of the substantive correspondence of the petitions. Most of the reiterated factual allegations are imaginatively false, such as that the petitioner was involuntarily induced to sign waivers of indictment whereas *173 no waivers were in fact ever signed by him, that the grand jury never heard and considered the complaints against him though ten indictments against him were duly found, that after his arrest on January 20, 1948 and during his confinement until the date of his sentence he "was not allowed visitors." The jail register discloses that during that period 127 persons visited him, among whom were five attorneys.
An interesting exhibit among the many which the petitioner has contributed to the file is the communication of his attorney dated January 25, 1952, who investigated the petitioner's assertions and his previous confessions and expressed his impressions of the questionable merit of the petitioner's application.
Anent the proper forum, consult the present Rule 1:2-30, which became effective January 1, 1953.
The order under review is affirmed.