30 N.J. Super. 316 (1954)
104 A.2d 713
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANDREW RAICICH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 5, 1954.
Decided April 22, 1954.
Before Judges EASTWOOD, JAYNE and CLAPP.
*317 Mr. Andrew Raicich, appellant, pro se.
Mr. Leon Gerofsky, County Prosecutor of Somerset County, for respondent (Mr. William E. Ozzard, Assistant County Prosecutor).
The opinion of the court was delivered by JAYNE, J.A.D.
In State v. Lenkowski, 24 N.J. Super. 444 (App. Div. 1953) we sounded the warning that inmates of our prisons should apprehend the likely consequences of knowingly and deliberately presenting to the court a palpably false petition under oath in the endeavor to achieve the issuance of a writ of habeas corpus. The present appeal brings demonstrably to our attention what would seem to be a most disrespectful repudiation of that admonition.
Having been apprehended on charges of breaking and entering a store at Bridgewater, Somerset County, and there committing larceny on August 28, 1951, the defendant was interviewed by a member of the prosecutor's staff at the county jail on November 23, 1951. The object of the discourse was to elicit from the defendant his answers to certain significant interrogatories propounded in a printed form of questionnaire customarily and precautiously used by the prosecutor or his assistants in like or similar situations.
Raicich responded to the several questions, his answers were inserted and he subscribed his signature to the questionnaire in the presence of a witness who thereupon signed it in that capacity.
A reproduction here of the interrogation will be interesting and engaging:
 "Somerset County Prosecutor's Office
 Dated: Nov. 23, 1951
Questions asked of and answered by Andrew Richard Raicich before he signed a waiver of indictment and right to trial by jury on a charge of Breaking & Ent. at Night and Larceny (2:115-1 & 2:145-2) and Grand Larceny (2:145-2)
1. Are you represented by an attorney? No.
2. If so, who is he?

*318 3. Do you wish an opportunity to engage the services of an attorney? No.
4. Are you able to afford the services of an attorney? No.
5. Is any member of your family able to assist you in obtaining an attorney? No.
6. You are entitled to be represented by an attorney. Do you want an attorney assigned to you by the Court to represent you in this matter? No.
7. Have you discussed or considered with your attorney the charges against you for Breaking & Ent. by night and Grand Larceny?
8. Do you want your attorney present before signing a waiver of indictment and your right to trial by jury on these charges? No.
9. Do you want to enter a plea to these charges of Breaking & Ent. by Night and Larceny and Grand Larceny? Yes.
10. I want yau to know, before you enter a plea, of the seriousness of your offenses. The law makes it a high misdemeanor, for each charge punishable by a fine not exceeding $2000., or by imprisonment, with or without hard labor, for a term not exceeding seven years, or both, on each charge. Do you understand that? Yes.
11. I want you to understand that I make no promises and that the matter of punishment is entirely up to the Court. Knowing this, are you still willing to plead? Yes.
 /s/ Andrew Raicich
 Andrew Raicich
 Defendant
 Witnessed by:
 /s/ Paul L. Bellocchio
 Paul L. Bellocchio"
Two formal accusations were prepared charging the defendant with the crimes of breaking and entering with intent to steal and larceny respectively, in relation to which the defendant in writing waived the requirement of indictment and the right to trial by jury and requested to be tried by the court.
Additionally illuminative is the transcript of the proceedings in the Somerset County Court on November 27, 1951 before Judge Arthur B. Smith:
"Mr. Gerofsky: I show you, Andrew Raicich, a waiver of indictment and trial by jury purporting to be signed by you and ask if that is your signature?
Mr. Raicich: Yes, sir.
*319 Mr. Gerofsky: That is on accusation No. 4263, is that your signature?
Mr. Raicich: Yes.
Mr. Gerofsky: And that accusation charged you with breaking and entering by night and larceny, is that correct?
Mr. Raicich: Yes.
Mr. Gerofsky: I show you another waiver of accusation and, or waiver of indictment and trial by jury on accusation No. 4263A, an accusation for Grand Larceny and ask you if that is your signature on the waiver of indictment?
Mr. Raicich: It is.
Mr. Gerofsky: Are you represented by an attorney?
Mr. Raicich: No, sir.
Mr. Gerofsky: Do you know that you are entitled to be represented by an attorney?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: Do you wish to be represented by an attorney?
Mr. Raicich: No, sir.
Mr. Gerofsky: Even though you realize that one may be assigned to represent you if you cannot afford to engage one, is that correct?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: And you wish to be heard to with respect to accusation 4263A?
Mr. Raicich: Yes.
Mr. Gerofsky: You realize that in this proceeding, if you proceed, that you are waiving your constitutional right to an indictment and trial by Jury?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: Notwithstanding all of your rights you are willing to proceed by waiving them?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: May I ask you at this time how you plead to accusation No. 4263, which reads as follows (accusation read into record). That is a charge against you for breaking and entering by night and larceny. Have you read this charge before you signed your waiver?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: Have you been instructed as to the full penalty that could be imposed upon you?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: Have there been any promises of favor or rewards made to you by anyone?
Mr. Raicich: No, sir.
Mr. Gerofsky: Do you wish to plead to that accusation?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: How do you plead?
Mr. Raicich: Guilty.
The Court: Plea of guilty may be entered.
*320 Mr. Gerofsky: Accusation No. 4263A charges you as follows (accusation read into record). That is a charge against you for Grand Larceny. Do you wish to enter a plea to that accusation?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: Have you been fully informed of the full penalty that could be imposed upon you by way of sentence?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: Have there been any promises of any favor or reward made to you or extended to you by anyone?
Mr. Raicich: No, sir.
Mr. Gerofsky: And you say you wish to plead notwithstanding all of that?
Mr. Raicich: Yes.
Mr. Gerofsky: How do you plead to that accusation?
Mr. Raicich: Guilty.
The Court: Plea of guilty may be entered.
Mr. Gerofsky: There is just one thing more I would like to ask you. Andrew Raicich, you have signed a written statement which, among other things, advises you of the full penalty that can be and could be imposed upon you on both of these charges, is that correct?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: You have been fully apprised by written statement of your rights, is that correct?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: Did you read that statement which I show you that is dated November 23, 1951?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: And did you sign it?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: Did you sign it voluntarily?
Mr. Raicich: Yes, sir.
Mr. Gerofsky: At this time, if the Court please, I ask that sentence be deferred pending a complete pre-sentence investigation and report to the Court.
The Court: Sentence will be deferred to December 11th, 1951."
Such are the disclosures of the official files and records.
On December 11, 1951 the defendant was sentenced to consecutive terms of imprisonment in the New Jersey State Prison for the commission of the crimes to which he had entered pleas of guilty.
In December 1953 the defendant so confined addressed a verified petition to the Superior Court, Law Division, Somerset County, for the allowance of a writ of habeas corpus. In sole support of his attack upon the legality of his convictions *321 and imprisonment he declared in his petition as the basic fact that the County Court denied him representation by counsel and indeed refused him an opportunity to engage counsel.
Observable, too, are the significant concluding words of the petition which immediately precede his signature and the jurat of the notary. We quote: "that he (the petitioner) has thoroughly read the entire contents as herein contained and set forth. Accordingly, upon his sworn oath petitioner hereinafter doth affix his signature."
Fundamentally of what avail is it for a prisoner to spin such fanciful and transparent cobwebs? County Court Judge Cranmer, to whom the petition was referred and presumably with the truth placed on the screen before him, denied the application for the issuance of the writ. His accordant order transported to us by the appellant in forma pauperis by means of this empty and baseless appeal is affirmed.
However, the experiences that come to our notice in the presentation of this appeal inspire us to add some supplementary comments. The occasion is appropriate to recommend as an exceedingly serviceable record the use by prosecutors and the members of their staffs of a questionnaire of essentially the same import as here disclosed in association with the execution of a waiver of indictment and trial by jury by an accused who is unrepresented by an attorney. The production of and specific reference to the questionnaire and the defendant's express acknowledgment of its contents in the presence of the judge at the arraignment or trial of the accused, followed by the filing of it and supplemented by an entry in the minutes of the court of the assurances given to the defendant by the judge of his right to counsel, will inevitably serve to discourage or in any event render readily determinable the flow of petitions fictitiously fabricated to project the ground of a denial of counsel.
Affirmed.