38 N.J. Super. 578 (1956)
120 A.2d 127
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN FORSYTHE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 16, 1956.
Decided January 24, 1956.
*579 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. John Forsythe, appellant pro se.
Mr. Martin J. Queenan, Burlington County Prosecutor, for the respondent.
The opinion of the court was delivered PER CURIAM.
The petitioner, an inmate of the New Jersey State Prison, who has aggressively, repeatedly, and futilely challenged in the federal and state courts the legality of his imprisonment for the commission of the crimes of entering without breaking and larceny, atrocious assault and battery, and escape from jail, applied on June 15, 1955 for the issuance of a writ of habeas corpus.
He alleged in his verified petition that the record discloses that his attorney entered on his behalf pleas of non vult to the respective indictments charging him with the perpetration of those offenses, whereas the fact is that he did not commit them and he never authorized his attorney to enter such pleas for him and never heard the submission of such pleas to the court. Vide, State v. Piracci, 14 N.J. Super. 319, 323 (App. Div. 1951). His petition was dismissed, from which judicial action he has been permitted to prosecute the present appeal in forma pauperis.
We do not have before us the written or oral opinion of the judge who dismissed the petition from which we can derive knowledge of his reasons. Perhaps in the light of the information authentically presented to him, his reasons were sound. Whether the most improbable allegation that the petitioner never authorized his attorney to enter the pleas of non vult and never heard them announced in court is a subject which was previously considered and adjudicated is to us unknown. A chronological summarization of the several proceedings previously and unsuccessfully pursued by the petitioner is given to us by the prosecutor with the frank acknowledgment that "much of the foregoing is dehors the immediate record before the Court," and that "to include *580 copies of the multitudinous papers, applications, motions, briefs, appendices, orders and opinions in an appendix herein is prohibitive in the light of time and cost involved."
In the existing state of the record before us and the presence of the verified allegations of the petition to which we have referred, we prefer to accord the petitioner a hearing of his allegation that his attorney entered the pleas without his authority and contemporaneous knowledge. State v. Lenkowski, 24 N.J. Super. 444 (App. Div. 1953); State v. Fontano, 26 N.J. Super. 166 (App. Div. 1953), affirmed 14 N.J. 173 (1953), certiorari denied 347 U.S. 945, 74 S.Ct. 641, 98 L.Ed. 1093 (1954). See, Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 76 S.Ct. 223, 227, in which the court said:
"The chief argument made by the State here in support of the court's summary dismissal of the petition is this: `Counsel for petitioner argues that since facts are alleged in the petition, a hearing must be held. Since our answer contradicted the allegations in the petition, the lower court was not required to grant a hearing. This contention was sustained by the Superior Court.' We cannot accept this argument. Under the allegations here petitioner is entitled to relief if he can prove his charges. He cannot be denied a hearing merely because the allegations of his petition were contradicted by the prosecuting officers."
Certainly his guilt or innocence of the offenses cannot be reviewed in the habeas corpus proceeding. The writ may not be used in lieu of appeal. In re Rose, 122 N.J.L. 507 (Sup. Ct. 1939); In re Cooley, 12 N.J. Super. 97 (Cty. Ct. 1951); In re Zee, 13 N.J. Super. 312 (Cty. Ct. 1951); affirmed State v. Zee, 16 N.J. Super. 171 (App. Div. 1951), certiorari denied Zee v. State, 343 U.S. 931, 72 S.Ct. 766, 96 L.Ed. 1340 (1952); State v. La Battaglia, 30 N.J. Super. 1 (App. Div. 1954).
The order dismissing the petition for the writ is annulled and the proceeding remanded for the limited purpose herein expressed.