55 N.J. Super. 225 (1959)
150 A.2d 494
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN FORSYTHE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered April 17, 1959.
Decided April 21, 1959.
*226 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. John Forsythe, appellant pro se.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant has applied for leave to appeal as an indigent from an order of the Burlington County Court denying him a hearing on his application for the issuance of a writ of habeas corpus. He claims he was arrested, indicted and convicted for crimes which he did not commit; that his counsel denied him effective assistance in that he refused to consult with him in the court room on the day of his arraignment; that he never was served with copies of the indictments nor did he discuss them with his counsel; and that he was denied his constitutional right to a jury trial, never having waived that right.
Defendant and his two companions were arrested in July 1952 and charged with entering without breaking, larceny and atrocious assault and battery. All three engaged the same counsel and discussed the case with him. They escaped from the county jail in August 1952. Shortly thereafter his two companions were apprehended, and they pleaded non vult to the charges and to the additional offense of escape. Defendant was recaptured in February 1953, arraigned on indictments charging entering without breaking, larceny, atrocious assault and battery, and escape, and through the attorney he had previously retained entered pleas of non vult. The court sentenced him to State Prison for entering without breaking and larceny, 2-3 years; atrocious assault and battery, 3-5 years; and escape, 2-3 years  the sentences to run consecutively.
*227 Beginning in February 1954, defendant, with the help of fellow inmates who have exhibited the greatest industry and ingenuity in framing his successive applications, has succeeded in presenting various aspects of his case to the Burlington County Court, this court, our Supreme Court, the United States District Court of New Jersey, the Third Circuit Court of Appeals, and the United States Supreme Court.
Defendant and his two companions first applied for leave to appeal in forma pauperis from the dismissal of their motion in the Burlington County Court to vacate or correct illegal sentences. This was denied April 6, 1954. Defendant then made a similar application on his own behalf; it, too, was denied April 27, 1954. He next instituted a formal appeal from the latter denial. The appeal was dismissed on July 23, 1954, with a per curiam opinion. Defendant's next application to us was for permission to appeal in forma pauperis from the denial of a writ of habeas corpus by the Superior Court, Law Division, sitting in Burlington County. The application was denied, and thereafter our Supreme Court denied defendant an appeal.
In October 1955 defendant again applied for leave to appeal from the Burlington County Court's order of the previous month denying him a hearing on his application for a writ of habeas corpus. We granted leave to appeal. The appeal resulted in an annulment of the order dismissing defendant's petition for the writ and a remand to the County Court for a hearing. State v. Forsythe, 38 N.J. Super. 578 (App. Div. 1956). The hearing was held and the County Court entered an order denying the petition. Defendant then applied to us, through retained counsel, for leave to appeal in forma pauperis. The application was granted. The matter was briefed and orally argued, and resulted in a decision of this court on October 11, 1956 affirming the County Court action. State v. Forsythe, 42 N.J. Super. 275 (App. Div. 1956). Our Supreme Court denied further appeal.
*228 Defendant thereafter again applied for the writ, which was denied by the Burlington County Court on October 30, 1957. His application for leave to appeal in forma pauperis from that order was denied by this court in November 1957. Our Supreme Court thereafter denied defendant's petition for certification.
The present application for leave to appeal involves the County Court's denial on April 1, 1959 of a hearing on defendant's renewed application for the writ.
Defendant has also resorted to the federal courts. In February 1955 the United States District Court for New Jersey denied an application for a writ of habeas corpus. The Third Circuit denied defendant's petition for a certificate of probable cause for appeal. In March 1957 the United States District Court again denied a petition for the writ, with the Third Circuit taking action as before. Defendant has made five applications to the United States Supreme Court: (1) it denied a writ of certiorari to our Supreme Court on January 31, 1955, 348 U.S. 930, 75 S.Ct. 345, 99 L.Ed. 729; (2) denied application for a writ of habeas corpus on May 16, 1955, 349 U.S. 927, 75 S.Ct. 776, 99 L.Ed. 1258; (3) denied certiorari to our Supreme Court on February 25, 1957, 352 U.S. 1013, 77 S.Ct. 586, 1 L.Ed.2d 560; (4) denied a motion for leave to file a petition for habeas corpus on June 3, 1957, 353 U.S. 980, 77 S.Ct. 1291, 1 L.Ed.2d 1140; and (5) denied certiorari to our Supreme Court on June 23, 1958, 357 U.S. 932, 78 S.Ct. 1378, 2 L.Ed. 1374.
Every issue which defendant now raises, and others which need not be mentioned, have time and again been fully considered by our courts and the federal courts. The answer has uniformly been that defendant has not been denied his constitutional rights. This is not a case where a prisoner, unsuccessful on one application, presents some issue not previously considered and determined. Defendant has repeatedly, through new applications filed with the County Court, presented the same questions, with the result that *229 the appellate courts, both state and federal, have been obliged to consider and dispose of the same issues, always adversely to appellant.
What we have here is a naked abuse of the judicial process which cannot be tolerated. A prisoner has every right to resort to the courts for a determination of matters which he considers affect his basic constitutional rights. But he may not present the same constitutional question, in the same factual setting, again and again. Such a course is as perverse as it is fruitless. A prisoner is not at liberty to set the entire judicial machinery in motion merely to satisfy his own distorted notion that he has an absolute right to have the same issues reviewed and re-reviewed. A citizen outside prison walls may not thus impose his fixation upon our courts. Prisoners have no greater right.
Although the present matter is probably the most extreme example of repeated appeals dealing with the same subject matter we have yet encountered, there have been others where prisoners have not hesitated to ask our appellate courts to reconsider issues that have been fully presented and determined on one or more occasions. Our courts do not exist for that purpose, and may not be used to that end.
The application is denied.