Application of John W. DANDRIDGE for Writ of Habeas Corpus.

Civ. A. No. 684-60.

United States District Court
D. New Jersey.

Aug. 19, 1960.

John W. Dandridge, pro se.
No other appearance.

.WORTENDYKE, District Judge.

On August 4, 1960 John W. Dandridge, hereinafter referred to as petitioner, filed a petition with the Clerk of this Court seeking discharge from his confinement at the New Jersey State Prison Farm at Rahway, New Jersey, invoking the jurisdiction of this Court pursuant to the provisions of 28 U.S.C.A. § 2241.

The petition discloses that petitioner is in custody pursuant to a judgment of a Court of the State of New Jersey. Therefore, the petition must be examined to ascertain whether it complies with the requirements of 28 U.S.C.A. § 2254. It is the duty of this Court when its jurisdiction in habeas corpus is invoked by a State prisoner, to scrutinize the petition to determine whether its allegations are sufficient to invoke the Court's jurisdiction. See Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. While the protection of the great writ should be readily made available to everyone entitled to its benefit, and formality in a petition therefor is not required, where the petitioner is in custody pursuant to the judgment of a State Court the principle of inter-sovereign comity requires that a Federal Court refuse the sought relief until available State remedies for the same relief have been exhausted. Such equivalent remedies, the exhaustion of which is required before this Court's jurisdiction may be invoked includes an application for writ of certiorari to the Supreme Court of the United States. Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. The provisions of § 2254 of Title 28 have embodied the requirement of exhaustion of remedies pre-

viously enunciated in Ex parte Hawk. A review of the development of the principle will be found in the opinion of Darr v. Burford, supra. See also United States ex rel. Auld v. Warden, etc., 3 Cir., 1951, 187 F.2d 615. The exhaustion of remedies rule is, of course, always subject to qualification upon a showing that circumstances of peculiar emergency existed requiring the intervention of the Federal District Court without prior exhaustion of all other remedies, but the burden of showing that such circumstances exist is upon the petitioner. Darr v. Burford, supra; Ex parte Hawk, supra.

The present petition alleges that petitioner is imprisoned for the alleged crime of murder, under sentence of life imprisonment imposed upon him on July 10, *1931*, after a plea of *not* guilty, in what was then known as the Court of Oyer and Terminer of Camden County, New Jersey. The Court of Oyer and Terminer in the respective Counties of the State of New Jersey in the year 1931 had jurisdiction of the offense with which the petitioner was charged. The jurisdiction of that Court passed to the County Court of the same County upon the taking effect, on September 15, 1948, of the Judicial Article of the New Jersey Constitution of 1947 (Art. 6). The sentencing court had jurisdiction of the petitioner and of the indictment against him.

■■ After alleging the place of his present confinement, the name of the person in whose custody he now is, and also after pointing out that the restraint of which he here complains does not include the period of a cumulative sentence of 5 to 11 years for an escape in 1945, petitioner avers that he was arrested at his home in the State of Pennsylvania and brought, without benefit of extradition proceedings, to Camden County, New Jersey, where he was imprisoned and subjected to beating in an attempt to extract a confession from him. This alleged mistreatment, which petitioner admits did not suffice to extract a confession, constitutes no ground for the intrusion of this Court in response to the present

petition. Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, rehearing denied 1952, 343 U.S. 937, 72 S.Ct. 768, 96 L.Ed. 1344; United States ex rel. Master v. Baldi, 3 Cir., 1952, 198 F.2d 113. However, petitioner further alleges that, although he was arraigned jointly with four codefendants, who pleaded non vult, he pleaded not guilty to the charge against him; but four days later sentence was, imposed on all of the five accused, including the petitioner, who was sentenced to life imprisonment at hard labor. Petitioner says that in 1953 he applied to the Camden County Court (the successor of the former Court of Oyer and Terminer of the County of Camden, as noted above) for a reduction of his sentence, but was unsuccessful, and that five years later he applied to the same Court for a writ of habeas corpus. He does not state the grounds upon which he based the application for the State writ, but says it was denied because he had not claimed any illegalities "in his previous motion." It is not clear whether the quoted phrase refers to the motion for reduction of sentence denied five years previously, or whether the reference is to some other motion. The present petition then alleges that the petitioner applied to the New Jersey Supreme Court for a writ of certification to the Camden County Court, which was also denied. The date of such application is not stated, nor are the grounds urged in support thereof disclosed. Presumably the latter application was for a review of the County Court's denial of the petitioner's application for a writ of habeas corpus. Petitioner then makes the following conclusory and somewhat. startling allegation:

"He has exhausted his State remedies and now appeals to this court for a writ of habeas corpus so he may present his case to a Court of Law for the first time in 31 years. He was not allowed a trial; He did not withdraw his plea of not guilty."

His mere assertion that his State remedies have been exhausted does not suffice. See Johnson v. Graham, 10 Cir.,.

1956, 238 F.2d 782, 783. The petition then sets forth that the Camden County Prosecutor has alleged that petitioner retracted his plea of not guilty on July 6, 1931, and that the Prosecutor has produced affidavits from two persons who were present and witnessed such retraction.

Petitioner prays that this Court (1) allow a writ of habeas corpus requiring the custodian of the place of his confinement to show the cause thereof, and (2) subpoena the two affiants whose affidavits were allegedly produced by the Prosecutor, together with a volume containing the minutes of the Court of Oyer and Terminer for Camden County for the year 1931, and the indictment embodying the offense charged against petitioner.

 Disregarding informalities in the allegations of the petition before me, it may be inferred from the language thereof that in some manner and by some means a plea of guilty was entered by or in behalf of the petitioner, despite his insistence that he continuously adhered to his plea of not guilty, and that he was sentenced to the term of imprisonment which he is presently serving without any retraction of his plea of not guilty and without a trial. Obviously if this is a fair construction of the petitioner's contentions, there was a violation of his rights under the Fourteenth Amendment to the Constitution of the United States. Petitioner, however, fails to allege that he sought any relief from his sentence until 21 years later, when he moved the sentencing Court for a reduction of his sentence. He apparently took no steps to review the denial of this motion, but waited five more years and then applied to the successor of the sentencing Court for a writ of habeas corpus under the New Jersey Statute, N.J.S.A. 2A:67–1 et seq. By the provisions of that Statute the writ may be prosecuted by any person restrained of his liberty "for any criminal or supposed criminal matter"; or "under any pretense whatsoever." N.J.S.A. 2A:67–13. While the Statute, 2A:67–14, disentitles a person to prose-

cute the writ who is committed or restrained of his liberty "by virtue of a final judgment of a competent tribunal of * * * criminal jurisdiction or by virtue of any process issued pursuant thereto, * * *" restraint under a void judgment may be reviewed under the writ. Johnson v. State, 1955, 18 N.J. 422, 114 A.2d 1, certiorari denied 1956, 350 U.S. 942, 76 S.Ct. 318, 100 L.Ed. 822. If petitioner's allegations are true, the judgment of sentence imposed upon him by the Camden County Court of Oyer and Terminer was void because without support of either a verdict of guilty or a plea of guilty or non vult. There was therefore available to petitioner a remedy under the Habeas Corpus Act of New Jersey from the date upon which the restraint of his liberty commenced under the sentence imposed upon him. The time within which the petitioner could invoke that remedy was subject to no limitation. State v. Cynkowski, 1952, 10 N.J. 571, 92 A.2d 782; New Jersey Const.1947, Art. I, paragraph 14. Moreover, the law of New Jersey permits a prisoner to make successive applications for the writ, and to have each of his petitions judicially scrutinized. State v. Fontano, App.Div. 1953, 26 N.J.Super. 166, 97 A.2d 498, affirmed 14 N.J. 173, 101 A.2d 559, certiorari denied 1954, 347 U.S. 945, 74 S.Ct. 641, 98 L.Ed. 1093. See also State v. Forsythe, App.Div.1959, 55 N.J.Super. 225, 150 A.2d 494. The same State Act provides (N.J.S.A. 2A:67–36) that a prisoner may appeal from the decision of a County Court Judge denying the writ, where the imprisonment is for an alleged crime, to the Appellate Division of the Superior Court. The action upon such an appeal is reviewable by the New Jersey State Supreme Court on certification. See In re Kershner, 1952, 9 N.J. 471, 88 A.2d 849, certiorari denied 1952, 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656; State v. Ingenito, 1954, 16 N.J. 36, 106 A.2d 3. A further remedial step in review is available in the Supreme Court of the United States by petition for writ of certiorari. Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. The

**280**

per curiam opinion in the case last cited states, 321 U.S. at page 116, 64 S.Ct. at page 450:

> "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted. * * * *"

▊ The situation disclosed by the allegations of the present petition is not similar to that which confronted former Circuit Judge, now Mr. Justice Stewart, in Sims v. Alvis, 6 Cir., 1957, 242 F.2d 506, 507, certiorari denied 1958, 358 U.S. 844, 79 S.Ct. 67, 3 L.Ed.2d 78. In that case, because the petition alleged that the petitioner was without funds, he might be found to be unable to obtain further review in the Courts of Ohio of the claimed violation by the trial court of his constitutional rights. The District Court was directed to re-examine the matter and make specific findings upon the question whether the petitioner had exhausted remedies available to him in the courts of the State. This action was taken because the Circuit Court Judge held that "[i]t does not clearly appear from the documents filed by the petitioner that he has failed to exhaust his state remedies." In the case at bar that failure is apparent on the face of the petition when considered in the light of applicable Federal and State law of which this Court is charged with judicial notice. (The District Court in Sims again denied the application for the writ after hearing. See the same case, decided by the Sixth Circuit Court of Appeals in 1958, reported in 253 F.2d 114.)

▊ In sum, although the petitioner, under oath, makes the rather astonishing charge that he was sentenced to life imprisonment upon an indictment for murder, after a plea of not guilty, without trial, he made no effort to test the legality of the judgment of sentence against him except by way of a motion to reduce sentence made over 21 years after the sentence was imposed. Although he does not disclose the ground upon which the County Court in 1958 denied his subsequent application for a writ of habeas corpus, his efforts to secure a review of the denial of such relief stopped with the denial of his petition to the New Jersey Supreme Court for certification, which he made no effort to review by way of petition to the Supreme Court of the United States for a writ of certiorari. Moreover, he has failed to avail himself of the right to re-invoke and pursue to conclusion the presently available remedy under the State Statute.

For the reasons aforesaid I refuse to entertain petitioner's present application for a writ of habeas corpus. His petition is therefore dismissed and it is accordingly so ordered.