72 N.J. Super. 272 (1962)
178 A.2d 109
IN THE MATTER OF THE PETITION OF JOSEPH ERNST FOR A WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Law Division.
Decided January 31, 1962.
*273 Mr. Chester Apy, appearing for the plaintiff.
SCHALICK, J.S.C.
Joseph Ernst was convicted of murder in the first degree on June 24, 1959. He is confined in the New Jersey State Prison awaiting execution, scheduled to take place during the week of March 11, 1962.
Ernst has filed a complaint seeking a writ of habeas corpus and an order staying execution, alleging a denial of equal protection and due process in that (a) the denial of the "sentencing" jury of a presentence investigation report as per R.R. 3:7-10(b) deprived him of a substantive right and placed him, as well as others convicted of first degree murder without recommendation of mercy, in a special class, arbitrarily made, by not providing a presentence report in first degree murder cases to aid the jury in making its determination as to whether the death penalty should be imposed pursuant to N.J.S. 2A:113-4, and (b) at the time of arraignment, defendant was without benefit of counsel.
Ernst's conviction and sentence was affirmed by the New Jersey Supreme Court, State v. Ernst, 32 N.J. 567 (1960). A petition for a rehearing was denied on September 12, 1960. A petition for certiorari to the United States Supreme Court was denied, Ernst v. New Jersey, 364 U.S. 943 (1961). Thereafter plaintiff filed a petition for a writ *274 of habeas corpus in the United States District Court which was similarly denied. On appeal the United States Circuit Court of Appeals, Third Circuit, affirmed the denial, In re Ernst's Petition, 294 F.2d 556 (1961). The United States Supreme Court denied a petition for certiorari from the determination of the Court of Appeals, In re Ernst, 7 L.Ed.2d 132 (1961).

1.
The substance of plaintiff's allegation regarding the presentence investigation report is as follows. By virtue of R.R. 3:7-10(b) a presentence report is made mandatory. By operation of N.J.S. 2A:113-4 the jury makes the determination as to punishment, i.e., whether it will be life imprisonment or death. Hence, since the report is mandatory and since in murder cases the jury imposes sentence, the jury should therefore be given the benefit of a presentence report to aid in the determination of sentence, and denying the jury such a report makes an arbitrary distinction between first degree murder offenders and all others convicted of indictable crimes. He asserts that this distinction has no reasonable basis and is therefore a denial of the equal protection of the law and due process.
This same contention was raised on appeal to the Court of Appeals for the Third Circuit, In re Ernst Petition, supra, 294 F.2d, at p. 561. The court there disposed of this contention by stating, "* * * we do not view the difference between sentencing procedure of which the defendant complains as the kind of arbitrary and unreasonable differentiation which the equal protection clause forbids." This court concurs in that view, for it is not mere difference in treatment, but rather arbitrary and unreasonable difference in treatment which contravenes the Constitution. That the jury may constitutionally choose between the death penalty and life imprisonment is settled. State v. Johnson, 34 N.J. 212 (1961). A fair interpretation of R.R. *275 3:7-10(b) limits its use to those cases in which the judge and not the jury is called upon to use discretion in the imposition of sentence. The rule itself refers to use by the "judge."
The operation of N.J.S. 2A:113-4 removes the selection of punishment in murder cases from the judge and places it upon the jury, and this court cannot say that the difference in treatment with regard to the presentence investigation report is such as to be characterized as arbitrary and unreasonable.

2.
The complaint alleges that plaintiff was without the benefit of legal counsel at the time of arraignment. At the preliminary hearing before the magistrate, plaintiff was bound over for grand jury action. Plaintiff was indicted on April 9, 1959. On April 23, 1959 plaintiff petitioned for appointment of counsel and on that date counsel was appointed.
On May 7, 1959 plaintiff was arraigned to plead to the indictment and plead not guilty. An examination of the official minutes of the court discloses the following entry: "5/7/59 Plea of Not Guilty entered. On motion of N. Heine, Esq., and consented to by J.P. DeLuca, Esq., attorney for the defendant Joseph Ernst, the court ordered the trial of the indictment of the within cause by a struck jury." (Emphasis added) The foregoing establishes that plaintiff was in fact represented by counsel at the time that his plea was entered. The accuracy of these minutes and of his appearance has been corroborated by counsel.
In determining whether to grant the application for a writ of habeas corpus the court may examine official files and reports to determine whether a genuine issue of fact exists. State v. Raicich, 30 N.J. Super. 316 (App. Div. 1954); State v. Ercolino, 65 N.J. Super. 20 (App. Div. 1961).
*276 There is no factual basis for this allegation in the complaint. The court gives attention to the protection afforded by the writ of habeas corpus, but not to such baseless allegations.
The application is therefore denied.